THE STATE, EX REL. BERNARD, APPELLANT, *v.* KAINRAD, JUDGE, ET AL., APPELLEES.

[Cite as State, ex rel. Bernard, *v.* Kainrad (1986), 28 Ohio St. 3d 103.]

(No. 86-545—Decided December 24, 1986.)

*Mancino, Mancino & Mancino* and *Paul Mancino, Jr.,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard A. Green,* for appellees.

*Per Curiam.* In order for appellant to challenge the judgment of the Court of Claims in an action brought under the Ohio Victims of Crime Act, appellant must demonstrate that the decision was an abuse of discretion. *State, ex rel. Jenkins,* v. *Tyack* (1985), 17 Ohio St. 3d 242, syllabus. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219.

Appellant first argues that his refusal to file criminal charges against his assailant may not be said to constitute a failure to fully cooperate with the investigating police officers. This proposition is unpersuasive. Appellant completely ignores the fact that he initially refused to discuss his assault with the police at the scene of the crime. This fact alone evinces a failure to fully cooperate with the police as is required under R.C. 2743.60(C).

Moreover, a practical consequence of appellant's refusal to participate in the criminal prosecution of his attacker is the virtual assurance that his assailant will evade any criminal repercussions for his potentially life-threatening behavior. Such a result is not compatible with R.C. 2743.60(C) which predicates a victim's participation in the Victims of Crime program upon his full cooperation with the appropriate law enforcement agencies.

In a second proposition of law, appellant contends that the Court of Claims wrongfully viewed his failure to fully cooperate as an absolute bar from participation in the Victims of Crime Reparations Special Account.

The fact that the record is void of any evidence indicating that the court considered either a reduction or modification of an award is said to support a finding of an abuse of discretion.

Pursuant to R.C. 2743.60(C), the failure of the victim to fully cooperate with the police may cause a single commissioner to "* * * deny a claim or reconsider and reduce an award of reparations." This provision does not require either the single commissioner or a panel of commissioners to set forth in separate findings of fact and conclusions of law his or its consideration of any mitigating factors in connection with an application denied under that section. In addition, R.C. 2743.61(A) requires the Court of Claims to affirm a decision of a panel of commissioners if it is found to be reasonable and lawful. Appellant has failed to present any evidence indicating that the Court of Claims deviated from this standard.

Based upon the foregoing, we find that appellant has failed to sustain his burden of demonstrating an abuse of discretion on the part of the Court of Claims in the case at bar. Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

WRIGHT, J., concurs in judgment only.