**In re FARIS.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V94-23115.

Decided Sept. 6, 1996.

*Anthony J. Vegh,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

STRAUSBAUGH, Judge.

This matter came on to be considered upon applicant's appeal from the April 30, 1996 order issued by the panel of commissioners. The panel's determination affirmed the decision of the single commissioner, who denied the applicant's claim for an award of reparations. The single commissioner had denied the applicant's claim, pursuant to R.C. 2743.60(E), because the commissioner found that the applicant, Rahif F. Faris, engaged in felonious conduct within ten years prior to the criminally injurious conduct.

R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the applicant had failed to present sufficient evidence to meet his burden.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in pertinent part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

A review of the file in this matter reveals that the applicant entered a plea to an amended indictment of a single count of misdemeanor receiving stolen

property after being charged with three felony counts of receiving stolen property.

The Attorney General relies on *In re Sawyer* (Jan. 20, 1995), Ct. of Cl. No. V93–61412tc, unreported, in support of her contention that it has been proven, by a preponderance of the evidence, the applicant engaged in felonious conduct, thus precluding him from participating in the Crime Victim's Compensation Program.

However, in *Sawyer*, the arrest report indicated that the applicant had sold LSD to an undercover detective and later pled guilty to a misdemeanor charge of attempted trafficking in drugs in exchange for his cooperation with law enforcement authorities. In the instant case, there is no evidence in the claim file other than the felony indictment to demonstrate, by a preponderance of the evidence, that the applicant engaged in felonious conduct within ten years of the criminally injurious conduct. The claim file is devoid of a police report, witness statements or other investigative reports regarding the felony charges of receiving stolen property. As the court has stated previously, if a person is charged with a felony but the charges are later reduced to a misdemeanor, the felony exclusion does not apply. *In re Miskow* (1988), 61 Ohio Misc.2d 229, 577 N.E.2d 154. Each claim must be decided based on the specific facts of each case.

Notwithstanding the decision reached in *Sawyer*, the court finds that a mere felony indictment on a finding of probable cause followed by a guilty plea to lesser offense, a misdemeanor, is not sufficient to prove, by a preponderance of the evidence, that the applicant engaged in felonious conduct.

Upon review of the file in this matter, the court finds the panel of commissioners was arbitrary in finding that the applicant did not show, by a preponderance of the evidence, that he was entitled to an award of reparations.

Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was unlawful. Therefore, this court reverses the decision of the three-commissioner panel, and hereby remands the applicant's claim to the single commissioner and refers the claim to the Attorney General for further investigation and an amended finding of fact and recommendation.

Upon review of the evidence, the court finds the order of the panel of commissioners shall be reversed, and the applicant's appeal is granted.

IT IS HEREBY ORDERED THAT:

1. The order of April 30, 1996 is REVERSED;

2. This matter is REMANDED to the single commissioner for determination and REFERRED to the Attorney General for further investigation as to economic loss;

**40**

3.   The Attorney General shall file the new finding of fact and recommendation on or before October 7, 1996;

4.   The applicant may respond to the new finding of fact and recommendation within twenty-one days after it is filed by the Attorney General;

5.   Costs assumed by the reparations fund.

*So ordered.*

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.