**In re CARVER.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V96–29137.

Decided July 18, 1997.

*Andee Staci Levine*, for the applicant.

*Betty D. Montgomery*, Attorney General, for the state.

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This appeal came to be heard before this panel of three commissioners on April 3, 1997 upon applicant Brian K. Carver's January 8, 1997 objection to the December 11, 1996 decision of the single commissioner.

The single commissioner denied the applicant's claim pursuant to R.C. 2743.60(E)(3), based on finding that the applicant engaged in felonious conduct within ten years prior to the criminally injurious conduct.

The applicant, the applicant's attorney, and the Attorney General attended the hearing and presented oral argument for this panel's consideration.

From review of the file, and with full consideration given to the oral argument presented at the hearing, this panel makes the following determination.

The applicant seeks to recover economic loss incurred as a result of a July 23, 1994 assault. The single commissioner determined that the applicant was not eligible to receive an award of reparations because the applicant engaged in felonious conduct on April 27, 1994. An incident report from the Portsmouth Police Department indicates that the applicant was identified by Ryan Chamberlain as one of two persons who threatened him with a weapon and stole a gold rope chain and medallion from the subject. The applicant was arrested for aggravated robbery, a felony of the first degree.

The applicant was scheduled to be tried on the aggravated robbery charge, but was found to be mentally incompetent to stand trial as a result of traumatic head injuries suffered during the criminally injurious conduct.

At the hearing, the applicant's attorney asserted that the information contained in the police report was insufficient to prove, by a preponderance of the evidence, that the applicant engaged in felonious conduct. It is the applicant's position that since there was no trial, there was no official outcome of the charges against the applicant and, therefore, no proof that the applicant engaged in felonious conduct.

The Attorney General argued that the decision of the single commissioner should be affirmed, since R.C. 2743.60(E) provides for denial of a claim on the basis of felonious conduct, as well as a felony conviction. The Attorney General asserted that the police report documenting the applicant's alleged involvement in the April 27, 1994 aggravated robbery and the applicant's corresponding arrest are sufficient to establish the applicant's felonious conduct.

R.C. 2743.60(E)(3) states:

"(E) Neither a single commissioner nor a panel of commissioners shall make an award to a claimant if any of the following applies:

" * * *

"(3) It is proved by a preponderance of the evidence presented to the commissioner or the panel that the victim or the claimant engaged, within ten years prior to the criminally injurious conduct that gave rise to the claim or during the pendency of the claim, in conduct that would constitute a felony under the laws of this state, another state, or the United States."

The applicant in *In re Sawyer* (Jan. 20, 1995), Ct. of Cl. No. V93–61412tc, unreported, was arrested on a felony charge of trafficking in drugs, but pleaded guilty to a misdemeanor charge of attempted trafficking in drugs in exchange for his cooperation with law enforcement officials. The arrest report in the claim file indicated that the *Sawyer* applicant sold L.S.D. to an undercover police detective. A panel of commissioners found that the *Sawyer* applicant's misdemeanor guilty plea, in addition to the information contained in the police report, was sufficient to find that the applicant engaged in felonious conduct within ten years prior to the criminally injurious conduct, despite the lack of a felony conviction.

In *In re Faris* (1996), 85 Ohio Misc.2d 37, 684 N.E.2d 112, a judge of the Court of Claims held that "a mere felony indictment of probable cause followed by a guilty plea to [a] lesser offense, a misdemeanor, is not sufficient to prove, by a preponderance of the evidence, the applicant engaged in felonious conduct." The judge distinguished *Sawyer, supra,* based on the lack of evidence of felonious conduct in the *Faris* file. In *Sawyer,* the arrest report documented the applicant's sale of an illegal drug to an undercover officer, while in *Faris,* there was no evidence, other than the felony indictment, that supported the assertion that the *Faris* applicant engaged in felonious conduct. The court further stated that each case must be determined individually, based on the evidence and facts presented.

The Attorney General has the burden of proof with respect to proof of felonious conduct. *In re Williams* (Mar. 26, 1979), Ct. of Cl. No. V77–0739jud, unreported; and *In re Brown* (Dec. 13, 1979), Ct. of Cl. No. V78–3638jud, unreported.

In the present claim, the arrest and incident reports are the only evidence of the applicant's felonious conduct. The arrest report indicates that the reporting person and witnesses identified the applicant as being involved in the offense at issue. No witness statements accompany the report, and the reporting officer did not have a first-hand perception of the reported incident. The Attorney General did not offer any additional evidence at the hearing; therefore, we find that the evidence before us is insufficient to establish, by a preponderance, that the applicant engaged in the felonious conduct of aggravated robbery within ten years prior to the criminally injurious conduct. Accordingly, this panel finds that the December 11, 1996 decision of the single commissioner, which denied the applicant's claim pursuant to R.C. 2743.60(E)(3), must be set aside.

However, there is some indication in the file that the applicant may have engaged in contributory misconduct, which was not addressed by the Attorney General or the single commissioner. Therefore, the claim shall be remanded to the single commissioner for determination and referred to the Attorney General

for further investigation addressing the issue of contributory misconduct and the applicant's economic loss.

IT IS THEREFORE ORDERED THAT:

1.  The December 11, 1996 decision of the single commissioner is SET ASIDE;

2.  This claim is remanded to the single commissioner for determination and referred to the Attorney General for further investigation and a new finding of fact and recommendation addressing the issue of contributory misconduct and the applicant's economic loss;

3.  The Attorney General shall file the new finding of fact and recommendation on or before September 16, 1997;

4.  The applicant may respond to the new finding of fact and recommendation within twenty-one days after it is filed by the Attorney General;

5.  The single commissioner shall subsequently determine the claim;

6.  Costs assumed by the reparations fund.

*Judgment accordingly.*

CLARK B. WEAVER, SR., STEVEN A. LARSON and DALE A. THOMPSON, Commissioners, concur.