DECISION
Relator, John D. Ferguson, has filed this original action requesting this court issue a writ of mandamus ordering respondents, The Ohio Attorney General, Judge Fred J. Shoemaker, and the Ohio Court of Claims, to vacate an order of the Court of Claims denying relator's application for an award of reparations.
This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. On May 15, 2002, the magistrate issued a decision, which included findings of fact and conclusions of law, and recommended this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) Relator has filed one objection to the magistrate's decision.
Relator argues in his objection that the magistrate's "decision is both legally and factually flawed thereby requiring rejection of the Magistrate's decision by this court." Relator claims that he is entitled to an award of reparations under the Victims of Crime Act pursuant to R.C. 2743.51.
The purpose of relator's requested writ of mandamus is to order the Court of Claims to accept relator's claim. Former R.C. 2743.60(E) states:
 Neither a single commissioner nor a panel of commissioners shall make an award to a claimant if any of the following applies:
* * *
 (3) It is proved by a preponderance of the evidence presented to the commissioner or the panel that the victim or the claimant engaged, within ten years prior to the criminally injurious conduct that gave rise to the claim or during the pendency of the claim, in conduct that would constitute a felony under the laws of this state, another state, or the United States.
In presenting evidence to the commissioners that a claimant had committed a felony within ten years prior to the criminally injurious conduct, the burden of proof is "by a preponderance of the evidence" which is below the criminal standard of proof. The fact that the statute allows for conduct "that would constitute a felony" demonstrates that the Ohio Legislature did not intend to limit the denial of a claim to convicted felons. Therefore, we find that relator is incorrect in his assertion that respondents acted illegally when they denied his claim even though he was never convicted of a felony.
Relator also asserts his claim could not have been denied based upon a police report. Relator argues that the police report was inadmissible hearsay evidence pursuant to the Ohio Rules of Evidence. However, as stated by another court:
 The Ohio Rules of Evidence do not, of course, obtain in the evaluations and hearings utilized in Victims of Crime reparations claims. Consequently, hearsay statements, even of the self-serving variety, are not excluded from consideration. Instead, such statements are evaluated for trustworthiness and given weight accordingly. In re Rea (1989), 61 Ohio Misc.2d 732, 739.
After an examination of the magistrate's decision, an independent review of the record, and due consideration of relator's objection, we overrule relator's objection. The magistrate correctly concluded that relator is not entitled to a writ of mandamus. Relator did not demonstrate that the Court of Claims abused its discretion when it affirmed the decision of the three-commissioner panel denying relator's application for an award of reparations. We adopt the findings of fact and conclusions of law contained in the magistrate's decision except for finding of fact #3, which should state "June 8, 2000" instead of "June 8, 2002." Since the magistrate sufficiently discussed and determined the other issues raised by relator in his objection, further discussion is not warranted.
Accordingly, relator's request for a writ of mandamus is denied.
Objection overruled; writ denied.
LAZARUS and HARSHA, JJ., concur.
HARSHA, J., of the Fourth Appellate District, sitting by assignment under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN MANDAMUS ON MOTION TO DISMISS
Relator, John D. Ferguson, has filed this original action requesting that this court issue a writ of mandamus ordering respondents The Ohio Attorney General ("attorney general"), Judge Fred J. Shoemaker and Ohio Court of Claims, to vacate the February 14, 2002 order of The Ohio Court of Claims ("Court of Claims") which denied relator's application for an award of reparations based on the finding that relator had engaged in felonious conduct within ten years prior to the criminally injurious conduct giving rise to his application, and ordering respondents to find that relator is entitled to an award of reparations.
Findings of Fact:
1. On November 20, 1999, relator was personally injured as the victim of a crime.
2. Relator filed a claim with Court of Claims seeking reparations under Ohio's Victims of Crime Act, R.C. 2743.51 et seq.
3. On June 8, 2002, the attorney general conducted its review of relator's application and filed a finding of fact and recommendation with the Court of Claims urging the denial of relator's claim. The basis of the recommendation was that relator had engaged in felonious conduct within ten years prior to the injury, thus disqualifying him for an award of reparations pursuant to R.C. 2743.60(E).
4. On February 1, 2001, a single commissioner of the Court of Claims reviewed the case and issued a Memorandum Decision consistent with the attorney general's findings of fact and recommendation. The commissioner specifically found as follows:
 The Attorney General's investigation revealed that the applicant was arrested for various traffic violations on May 17, 1994. When the police tried to handcuff the applicant, he ran from the arresting officer and escaped. Pursuant to former R.C. 2921.34, escape constituted a felony of the fourth degree. However, the applicant was permitted to plead guilty to a misdemeanor count of failure to comply.
5. The commissioner relied on In re Sawyer (1995), Ct. of Cl. No. V93-61412tc, and denied relator's claim.
6. On February 9, 2001, relator filed an objection to the order of the single commissioner and the matter was heard before a three commissioner panel for the Court of Claims.
7. On September 14, 2001, the panel reviewed the case and issued an order adopting the February 1, 2001 order of the single commissioner.
8. Relator appealed the September 14, 2001 order issued by the panel of commissioners to the Court of Claims.
9. On January 10, 2002, a magistrate of the Court of Claims reviewed the appeal and pursuant to R.C. 2743.61, opined that the panel's order was lawful and reasonable and recommended that the decision of the panel denying relator's claim for reparations be affirmed.
10. On February 14, 2002, Judge Fred J. Shoemaker reviewed the magistrate's recommendation and relator's objections and found that the magistrate had correctly analyzed and applied the applicable law. Judge Shoemaker issued a final order adopting the magistrate's opinion and denied relator's claim.
11. Thereafter, relator filed this complaint in mandamus asking this court to order the Court of Claims to vacate its order denying his claim for reparations and to order the court to find that he is entitled to reparations.
12. Respondents have filed a motion to dismiss on the grounds that relator has failed to state a claim upon which relief can be granted and that respondents are entitled to judgment as a matter of law.
13. The matter is now before this magistrate on respondents' motion to dismiss.
Conclusions of Law:
A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. Id.
The Ohio Supreme Court has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that respondent has a clear legal right to the relief prayed for; (2) that respondents are under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242. As such, a complaint for a writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for the relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that the relator might prove some set of facts entitling him to relief. State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn. (1995),72 Ohio St.3d 94.
In the present case, relator's only grounds for mandamus relief are to allege that the Court of Claims improperly denied him an award of reparations when the attorney general failed to meet its burden of proof in establishing that relator engaged in any felonious conduct within ten years of the occurrence of the criminal attack on him on November 20, 1999. For the reasons that follow, this magistrate concludes that relator has not established a right to a writ of mandamus and respondents are entitled to judgment as a matter of law.
Pursuant to R.C. 2743.51 and 2743.52, the Court of Claims has jurisdiction to make awards of reparations for economic loss arising from criminally injurious conduct, if the court is satisfied by a preponderance of the evidence that the requirements of an award of reparations have been met. The burden of proof is on the applicant to prove that the requirements for an award of reparations under the Victims of Crime Act have been met by a preponderance of the evidence. See In re Faris (1996), 85 Ohio Misc.2d 37.
R.C. 2743.60(E) provides certain limitations on claims and provides, in pertinent part, as follows:
 Neither a single commissioner nor a panel of commissioners shall make an award to a claimant who is a victim, or who claims an award of reparations through a victim, who, within ten years prior to the criminal injurious conduct that gave rise to the claim, was convicted of a felony or who is proved by a preponderance of the evidence presented to the commissioner or the panel to have engaged, within ten years prior to the criminally injurious conduct that gave rise to the claim, in conduct that, if proven by proof beyond a reasonable doubt, would constitute a felony under the laws of this state, another state, or the United States.
In the present case, the attorney general presented evidence that relator was arrested for various traffic violations on May 17, 1994. When the police tried to handcuff him, relator ran from the arresting officer and escaped. Pursuant to former R.C. 2921.34, escape constitutes a felony of the fourth degree. However, relator was permitted to plead guilty to a misdemeanor count of failure to comply.
After receiving the information from the attorney general, the Court of Claims relied upon its decision in In re Sawyer, and denied relator's award.
Relator contends that the decision in In re Sawyer has been overruled and that the Court of Claims abused its discretion by applying it to the facts of the present case. For the reasons that follow, this magistrate disagrees.
In In re Sawyer, the arrest report indicated that the applicant had sold LSD to an undercover police detective and later pled guilty to a misdemeanor in exchange for his cooperation with law enforcement authorities. The court found sufficient evidence that the applicant had engaged in conduct that, if proven by proof beyond a reasonable doubt, would constitute a felony had been presented and denied the applicant's award of reparations.
Relator fails to cite any cases in support of his argument that the court's rationale in In re Sawyer has been overruled. However, upon review, this magistrate has found several cases, including Faris cited previously, wherein the court has limited the holding in In re Sawyer. In Faris, there was no evidence in the claim file other than the felony indictment to demonstrate, by a preponderance of the evidence, that the applicant had engaged in felonious conduct within ten years of the criminally injurious conduct. Because the claim file was devoid of a police report, witness statements or other investigative reports regarding the felony charges of receiving stolen property, the court held that the attorney general had not met its burden that the applicant had engaged in felonious conduct.
The difference between a case like Faris and In re Sawyer is obvious. In In re Sawyer, as in the present case, the conduct which, if proven by proof beyond a reasonable doubt, would constitute a felony, occurred in the presence of police officers who prepared reports. Those police reports, in and of themselves, constitute eye-witness statements regarding the conduct of relator in the present case and the applicant in In re Sawyer. Both relator and the applicant in In re Sawyer were later indicted on felony counts; however, both were permitted to plead guilty to misdemeanor offenses.
Unlike the situation in Faris, the present case is analogous to In re Sawyer where the felonious conduct occurred in the presence of police officers who filed their reports. This is not a situation where there is a mere indictment of felonious conduct and nothing more. As such, the court's holding in In re Sawyer applies in the present case and relator is not entitled to judgment as a matter of law.
Based on the foregoing, this magistrate finds that respondents are entitled to judgment as a matter of law inasmuch as relator can prove no set of facts entitling him to relief. The rationale from In re Sawyer is equally applicable to the facts in the present case and relator has not demonstrated that the Court of Claims abused its discretion in denying his application for an award of reparations. As such, the motion of respondents to dismiss should be granted and relator's complaint for a writ of mandamus should be dismissed.