THE STATE EX REL. FERGUSON, APPELLANT, *v.* COURT OF CLAIMS
OF OHIO, VICTIMS OF CRIME DIVISION, ET AL., APPELLEES.

[Cite as *State ex rel. Ferguson v. Court of Claims of Ohio, Victims of Crime Div.*, 98 Ohio St.3d 399, 2003-Ohio-1631.]

(No. 2002–1724—Submitted February 25, 2003—Decided April 16, 2003.)

**Per Curiam.**

{¶ 1}   On November 20, 1999, appellant, John Ferguson, was the victim of a criminal assault in Wood County, Ohio. On January 18, 2000, Ferguson applied for a reparations award under the Victims of Crime Act, R.C. 2743.51 et seq.

{¶ 2}   Following an investigation, appellee Ohio Attorney General recommended that Ferguson's application be denied under R.C. 2743.60(E) because he had engaged in felonious conduct within ten years prior to the criminally injurious conduct that gave rise to his claim.   In February 2001, a single commissioner of appellee Court of Claims of Ohio, Victims of Crime Division, denied Ferguson's claim because of his "felonious conduct which occurred within ten years prior to the criminally injurious conduct."   The commissioner noted that on May 17, 1994, while Ferguson was being arrested for certain traffic violations, he had engaged in conduct that would have constituted a felony offense of escape:

{¶ 3}   "The Attorney General's investigation revealed that the applicant was arrested for various traffic violations on May 17, 1994.   When the police tried to handcuff the applicant, he ran from the arresting officer and escaped.   Pursuant to former R.C. 2921.34, escape constituted a felony of the fourth degree. However, the applicant was permitted to plead guilty to a misdemeanor count of failure to comply."

{¶ 4}   Ferguson objected to the commissioner's decision, and in September 2001, a panel of three commissioners overruled Ferguson's objection and affirmed the denial of Ferguson's claim.

{¶ 5}   Ferguson appealed the panel's order, and in February 2002, appellee Court of Claims Judge Fred J. Shoemaker denied Ferguson's claim and entered judgment for the state of Ohio. Judge Shoemaker held that Ferguson had failed to prove by a preponderance of the evidence that he was entitled to an award of reparations.

{¶ 6}   On March 13, 2002, Ferguson filed a complaint for a writ of mandamus in the Court of Appeals for Franklin County.   In his complaint, as subsequently amended, Ferguson sought a writ of mandamus to compel appellees, the Court of Claims of Ohio, Victims of Crime Division, Judge Shoemaker, and the Ohio Attorney General, to vacate the Court of Claims orders denying benefits to Ferguson and to pay him benefits.   Appellees moved to dismiss Ferguson's

complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.

{¶ 7}  In May 2002, a court of appeals magistrate recommended that the court of appeals grant appellees' motion and dismiss Ferguson's complaint.  Ferguson objected to the magistrate's decision, and on August 20, 2002, the court of appeals overruled Ferguson's objection, adopted the magistrate's recommendation, and denied the writ of mandamus.

{¶ 8}  This cause is now before the court upon Ferguson's appeal as of right.

## Civ.R. 12(B)(6) Standard

{¶ 9}  Ferguson asserts that the court of appeals erred in granting appellees' Civ.R. 12(B)(6) motion and dismissing his mandamus complaint for failure to state a claim upon which relief can be granted.  The dismissal was appropriate if, after all factual allegations of the complaint were presumed true and all reasonable inferences were made in Ferguson's favor, it appeared beyond doubt that Ferguson could prove no set of facts warranting the requested extraordinary relief in mandamus.  *State ex rel. Ragozine v. Shaker*, 96 Ohio St.3d 201, 2002–Ohio–3992, 772 N.E.2d 1192, ¶ 7;  *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002–Ohio–3605, 771 N.E.2d 853, ¶ 20.

{¶ 10}  In order to be entitled to the requested extraordinary relief in mandamus, Ferguson had to establish a clear legal right to the vacation of the Court of Claims' denial of his claim, a corresponding clear legal duty on the part of the Court of Claims, and the lack of an adequate remedy in the ordinary course of the law.  *State ex rel. N. Olmsted v. Cuyahoga Cty. Bd. of Elections* (2001), 93 Ohio St.3d 529, 532, 757 N.E.2d 314.  These requirements would have been satisfied if the Court of Claims had abused its discretion in denying his application for crime-victim reparations.  *State ex rel. Jenkins v. Tyack* (1985), 17 Ohio St.3d 242, 17 OBR 479, 479 N.E.2d 267, syllabus; *State ex rel. Bernard v. Kainrad* (1986), 28 Ohio St.3d 103, 104, 28 OBR 196, 502 N.E.2d 632.[1]  " 'Abuse of discretion' implies an unreasonable, arbitrary, or unconscionable attitude." *State ex rel. Wilke v. Hamilton Cty. Bd. of Commrs.* (2000), 90 Ohio St.3d 55, 61, 734 N.E.2d 811.

{¶ 11}  For the reasons that follow, dismissal was warranted because Ferguson could not establish that the Court of Claims abused its discretion in denying his crime-victim reparations claim.

---

1.  This appears to be an exception to the general rule that "a writ of mandamus will not issue to control judicial discretion, even if that discretion is abused."  *State ex rel. Carroll v. Corrigan* (2001), 91 Ohio St.3d 331, 332, 744 N.E.2d 771.

## Statutory Construction

{¶ 12} The Court of Claims held that Ferguson's claim for benefits was barred by former R.C. 2743.60(E), which applied to his claim[2] and provided that no award may be granted if a preponderance of the evidence establishes that the victim or claimant engaged in felonious conduct within ten years of the criminally injurious conduct giving rise to the claim:

{¶ 13} "(E) Neither a single commissioner nor a panel of commissioners shall make an award to a claimant if any of the following applies:

{¶ 14} "* * *

{¶ 15} "(3) It is proved by a preponderance of the evidence presented to the commissioner or the panel that the victim or the claimant engaged, within ten years prior to the criminally injurious conduct that gave rise to the claim or during the pendency of the claim, in *conduct that would constitute a felony* under the laws of this state, another state, or the United States." (Emphasis added.) 1996 Sub.S.B. No. 363, 146 Ohio Laws, Part III, 4371.

{¶ 16} Ferguson suggests in part that only a prior felony *conviction* within ten years of the criminally injurious conduct that is the basis for the claim can bar an otherwise meritorious reparations claim. In analyzing former R.C. 2743.60(E)(3), "we must first review the statutory language, reading undefined words and phrases in context and construing them in accordance with the rules of grammar and common usage." *State ex rel. Portage Lakes Edn. Assn., OEA/ NEA v. State Emp. Relations Bd.*, 95 Ohio St.3d 533, 2002–Ohio–2839, 769 N.E.2d 853, ¶ 36. After so construing the pertinent language, it is evident that the statute requires only *"conduct* that would constitute a felony" and not a felony *conviction.* (Emphasis added.) If the General Assembly had intended to limit this bar to reparations to convictions, it could have readily done so with the appropriate language. In fact, it did so in former R.C. 2743.60(E)(1) and (2), which both required felony *convictions* within the applicable ten-year period.

## Police Reports

{¶ 17} Ferguson asserts that the Court of Claims abused its discretion in relying on an unsworn police report to find the former R.C. 2743.60(E)(3) bar applicable. Ferguson claims that the report was inadmissible hearsay. Fergu-

---

2. R.C. 2743.60(E) was amended effective July 1, 2000, but that amendment provided that "[f]or purposes of an application for an award of reparations under sections 2743.51 to 2743.72 of the Revised Code, any issues concerning participation in the program, eligibility for benefits, and exclusionary conditions shall be determined under the version of those sections in effect at the time of the criminally injurious conduct." Section 3 to Am.Sub. S.B. No. 153, 148 Ohio Laws, Part IV, 9248. The criminally injurious conduct that Ferguson suffered occurred on November 20, 1999, before the amendment became effective.

son's assertion lacks merit. "The Ohio Rules of Evidence do not, of course, obtain in evaluations and hearings utilized in Victims of Crime reparations claims." *In re Rea* (1989), 61 Ohio Misc.2d 732, 739, 584 N.E.2d 1350. As the Court of Claims held in *Rea:*

{¶ 18} "Consequently, hearsay statements, even of the self-serving variety, are not excluded from consideration. Instead, such statements are evaluated for trustworthiness and given weight accordingly." Id. See, also, *In re Grow* (1983), 7 Ohio Misc.2d 26, 28–29, 7 OBR 175, 454 N.E.2d 618.

{¶ 19} R.C. 2743.55(A) expressly provides: "The attorney general, a court of claims panel of commissioners, or a judge of the court of claims shall determine all matters relating to claims for an award of reparations. The attorney general, a court of claims panel of commissioners, or a judge of the court of claims *may order law enforcement officers to provide copies of any information or data gathered in the investigation of the criminally injurious conduct that is the basis of any claim to enable the attorney general, a court of claims panel of commissioners, or a judge of the court of claims to determine whether, and the extent to which, a claimant qualifies for an award of reparations.*" (Emphasis added.) See, also, the comparably worded former R.C. 2743.55(A), 1997 Sub.H.B. No. 478, 147 Ohio Laws, Part II, 4095.

{¶ 20} Therefore, the Court of Claims did not err in considering the unsworn police report in its determination of Ferguson's reparations claim.

## Res Judicata

{¶ 21} Ferguson next claims that because he was charged with only a minor misdemeanor arising out of his May 1994 traffic charges, res judicata barred the Court of Claims from considering conduct that would have constituted felony escape from his May 1994 arrest.

{¶ 22} Res judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit. *State ex rel. Commt. for the Referendum of Lorain Ordinance. No. 77–01 v. Lorain Cty. Bd. of Elections,* 96 Ohio St.3d 308, 2002-Ohio-4194, 774 N.E.2d 239, ¶ 32.

{¶ 23} Res judicata did not, however, bar the Court of Claims from considering Ferguson's felonious conduct in assessing his reparations claim even though that prior conduct did not result in a conviction. As previously determined, the plain language of former R.C. 2743.60(E)(3) does not require a conviction.

{¶ 24} Moreover, there are qualitative differences between the previous criminal proceedings and the civil reparations action that prohibit the application of res judicata. For example, in *Walden v. State* (1989), 47 Ohio St.3d 47, 547 N.E.2d 962, at the syllabus, we held that "[w]here a person claiming compensation for wrongful imprisonment has presented an affirmative defense of self-

defense at his criminal trial, and has obtained a judgment of acquittal, that judgment is not to be given preclusive effect in a proceeding [for wrongful imprisonment] under R.C. 2305.02." "[T]he qualitative differences between civil and criminal proceedings [including the differing standards of proof, rules of discovery, and rules of evidence] militate against giving criminal judgments preclusive effect in civil or quasi-civil litigation." Id. at 52, 547 N.E.2d 962; *Manley v. Rufus Club Mozambique* (1996), 111 Ohio App.3d 260, 263, 675 N.E.2d 1342.

{¶ 25} Therefore, res judicata did not bar the Court of Claims from considering evidence of Ferguson's prior felonious conduct in determining his reparations application.

## Stare Decisis

{¶ 26} Ferguson contends that the Court of Claims abused its discretion by failing to follow its previous judgments in *In re Faris* (1996), 85 Ohio Misc.2d 37, 684 N.E.2d 112, and *In re Carver* (1997), 91 Ohio Misc.2d 178, 698 N.E.2d 151, and in relying on the unreported decision of a three-commissioner panel in *In re Sawyer* (Jan. 20, 1995), Ct. of Cl. No. V93–61412, in determining Ferguson's claim. He asserts that the Court of Claims thereby violated the doctrine of stare decisis and former S.Ct.R.Rep.Op. 2 (1983), 3 Ohio St.3d xxi.

{¶ 27} The cases Ferguson relies upon to support his claim, however, are distinguishable. *Faris* did not involve any police report, and in *Carver*, the police reports did not include the statements of any officers having firsthand knowledge of the applicant's felonious conduct. Conversely, Ferguson does not claim that the police report here fails to include the statements of officers having firsthand knowledge of his felonious conduct.

{¶ 28} Furthermore, nothing in either former S.Ct.R.Rep.Op. No. 2(G)(2) or current S.Ct.R.Rep. 4 requires that the Court of Claims ignore unpublished opinions. Under former S.Ct.R.Rep.Op. No. 2(G)(2), the Court of Claims was entitled to treat *Sawyer* as persuasive authority.

## Constitutional Rights

{¶ 29} Ferguson also asserts that the Court of Claims' interpretation of former R.C. 2743.60(E) denies crime victims their constitutional rights. But the plain language of the statute supports the court's interpretation.

{¶ 30} Moreover, to the extent that Ferguson attacks the constitutionality of the statute itself, it is presumed to be constitutional unless shown beyond a reasonable doubt to violate a constitutional provision. *State ex rel. Watson v. Hamilton Cty. Bd. of Elections* (2000), 88 Ohio St.3d 239, 242, 725 N.E.2d 255. Ferguson's generalized attacks have not met that burden.

{¶ 31}   As we observed in rejecting an equal-protection challenge to former R.C. 2743.60(E):

{¶ 32}   "[T]he rationale to conserve governmental resources by generally excluding persons associated with crime is apparent on the face of the law. Conserving scarce resources is a legitimate purpose, and excluding persons convicted or otherwise shown to have committed felonies promotes that purpose. Therefore, the classification made by the law is reasonable and does not violate equal protection of the laws." *State ex rel. Matz v. Brown* (1988), 37 Ohio St.3d 279, 280–281, 525 N.E.2d 805.

## Conclusion

{¶ 33}   Therefore, the court of appeals did not err in dismissing Ferguson's mandamus complaint.   The Court of Claims did not abuse its discretion by relying on the police report and denying his reparations claim.   We thus affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

---

Carl G. McMahon, for appellant.

Jim Petro, Attorney General, and Martin D. Susec, Assistant Attorney General, for appellees.