[THE STATE EX REL.] TALWAR, APPELLANT, v. STATE MEDICAL BOARD OF OHIO, APPELLEE.

[Cite as *State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 2004-Ohio-6410.]

(No. 2004-0733—Submitted November 16, 2004—Decided December 8, 2004.)

**Per Curiam.**

{¶ 1} In June 2003, appellant, Dr. Raman K. Talwar, filed a complaint in the Court of Appeals for Franklin County. Dr. Talwar sought a writ of mandamus to compel appellee, the State Medical Board of Ohio, to initiate a disciplinary action against Dr. Bilal Kattan.

{¶ 2} In his complaint, Dr. Talwar alleged that in April 1994, Dr. Kattan fabricated data, altered medical records, and made false charges concerning Dr.

Talwar's treatment of patients to the Lima Memorial Hospital Medical Staff Executive Committee. Dr. Talwar further alleged that the hospital refused to give Dr. Talwar staff privileges because of Dr. Kattan's actions.

{¶ 3} In September 1997, Dr. Talwar requested that the board investigate and take disciplinary action against Dr. Kattan. The board investigated the matter but determined in January 1999 that a review of Dr. Talwar's complaint did not support the initiation of disciplinary action against Dr. Kattan. According to Dr. Talwar, the board refused to initiate disciplinary action against Dr. Kattan because Dr. Kattan had left the country and his Ohio medical license had become inactive in October 2000.

{¶ 4} Dr. Talwar claimed entitlement to the requested writ of mandamus based on various statutes. The board moved to dismiss Dr. Talwar's complaint for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6). On March 18, 2004, the court of appeals granted the board's motion and dismissed the complaint.

{¶ 5} On appeal, Dr. Talwar asserts that the court of appeals erred in granting the board's Civ.R. 12(B)(6) motion and dismissing his mandamus complaint. Dismissal is proper if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in Dr. Talwar's favor, it appears beyond doubt that he can prove no set of facts warranting the requested extraordinary relief in mandamus. *State ex rel. Ferguson v. Court of Claims of Ohio, Victims of Crime Div.*, 98 Ohio St.3d 399, 2003-Ohio-1631, 786 N.E.2d 43, ¶ 9.

{¶ 6} In order to be entitled to the requested writ of mandamus, Dr. Talwar had to establish a clear legal right to the initiation of disciplinary action against Dr. Kattan, a corresponding clear legal duty on the part of the board to initiate this disciplinary action, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Savage v. Caltrider*, 100 Ohio St.3d 363, 2003-Ohio-6806, 800 N.E.2d 358, ¶ 8.

{¶ 7} For the following reasons, dismissal was warranted because Dr. Talwar could not establish the requisite legal right and legal duty regarding the initiation of disciplinary action against Dr. Kattan.

{¶ 8} " 'It is axiomatic that in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the *legislative branch of government,* and courts are not authorized to create the legal duty enforceable in mandamus.' (Emphasis sic.)" *State ex rel. Stiles v. School Employees Retirement Sys.*, 102 Ohio St.3d 156, 2004-Ohio-2140, 807 N.E.2d 353, ¶ 15, quoting *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 18. Dr. Talwar relies on R.C. 4731.22 and 4731.39 to support his entitlement to the writ.

{¶ 9} R.C. 4731.22(F)(1) requires the board to "investigate evidence that appears to show that a person has violated any provision of [R.C. Chapter 4731] or any rule adopted under it." R.C. 4731.39 imposes a duty on the secretary of the board to "enforce the laws relating to the practice of medicine and surgery," and "[i]f he has knowledge or notice of a violation, he shall investigate the matter, and, upon probable cause appearing, file a complaint and prosecute the offender."

{¶ 10} Dr. Talwar's own complaint, however, acknowledges that the board investigated his charges and determined not to proceed. Therefore, Dr. Talwar's allegations establish that the board complied with its duties under R.C. 4731.22 and 4731.39.

{¶ 11} Moreover, insofar as Dr. Talwar asserts that the board abused its discretion in not prosecuting and disciplining Dr. Kattan, R.C. 4731.22(B) requires the board to "limit, revoke, or suspend an individual's certificate to practice, refuse to register an individual, refuse to reinstate a certificate, or reprimand or place on probation the holder of a certificate" for certain specified reasons. R.C. 4731.22(B) is expressly directed towards a physician's certificate to practice or certificate of registration. Nothing in that section prohibits a board from deciding not to discipline a physician who has left the country and failed to renew his medical license. It is within the board's discretion to do so in allocating its resources in a manner that will best protect patients.

{¶ 12} Further, as the court of appeals concluded, nothing in R.C. 4731.22(M)(3) precluded the board from deciding not to reopen its investigation and initiate disciplinary action because Dr. Kattan had left the country and failed to renew his medical license. R.C. 4731.22(M)(3) merely *authorizes* the board to act in these circumstances; it does not *require* that it do so:

{¶ 13} "Failure by an individual to renew a certificate of registration in accordance with this chapter shall not remove or limit the board's jurisdiction to take any disciplinary action under this section against the individual."

{¶ 14} Therefore, the board did not abuse its discretion in refusing to initiate disciplinary action against Dr. Kattan.

{¶ 15} Finally, Dr. Talwar failed to allege in even a conclusory manner in his complaint that he lacked an adequate remedy in the ordinary course of law. *State ex rel. Harris v. Toledo* (1995), 74 Ohio St.3d 36, 38, 656 N.E.2d 334.

{¶ 16} Based on the foregoing, even after construing Dr. Talwar's allegations most strongly in his favor, we conclude that he could not prove entitlement to the requested writ of mandamus. Therefore, we affirm the judgment of the court of appeals dismissing Dr. Talwar's complaint.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

PFEIFER, J., concurs in judgment only.

———————

Matan, Geer & Wright and Robert D. Noble, for appellant.

Jim Petro, Attorney General, and Rebecca J. Albers, Assistant Attorney General, for appellee.