SHAHEEN, Appellant,

v.

BOSTON MILLS SKI RESORT, INC., Appellee.

[Cite as *Shaheen v. Boston Mills Ski Resort, Inc.* (1992), 85 Ohio App.3d 285.]

Court of Appeals of Ohio,
Summit County.

No. 15595.

Decided Dec. 2, 1992.

*Margaret Kazdin Standard,* for appellant.

*Walter Rogers* and *Timothy Sweeny,* for appellee.

BAIRD, Presiding Judge.

This cause comes before the court upon the appeal of Lisa Shaheen from an award of summary judgment by the Summit County Court of Common Pleas in favor of Boston Mills Ski Resort, Inc. ("Boston Mills"). We reverse.

On December 16, 1989, Shaheen was injured when she collided with a fence while skiing on Boston Mills' property. She brought suit against Boston Mills in negligence, alleging breach of duty to keep its premises free from hazards and defects which present a risk to business invitees. Expert testimony was introduced which concluded that the fencing was unsafe and the accident was foreseeable.

Summary judgment, however, was entered by the trial court in favor of Boston Mills. The court based its opinion on R.C. 4169.08, which states in pertinent part:

"(C) * * * [A] skier shall have the following responsibilities:

"(1) To know the range of his ability to negotiate any slope or trail or to use any passenger tramway that is associated with a slope or trail, to ski within the limits of his ability, to ski only on designated slopes and trails, to maintain control of speed and course at all times while skiing, to heed all posted warnings, and to not cross the track of a passenger tramway except at a designated area;

"(2) To refrain from acting in a manner that may cause or contribute to the injury of another person, to refrain from causing collision with any person or object while skiing, and to not place any object in a ski area that may cause another skier or a passenger to fall[.]"

There was some evidence that Shaheen was skiing beyond her ability. Because she fell down, the court concluded she must have lost control, in violation of R.C. 4169.08(C)(1). Additionally, the court concluded that she collided with an object, in violation of R.C. 4169.08(C)(2).

These violations of Shaheen's responsibilities, according to the trial court, precluded her recovery under R.C. 4169.09, which states in part:

" * * * A ski area operator * * * is not liable for any losses or damages caused by another's failure to fulfill any of the responsibilities required by another by this chapter."

Summary judgment was, therefore, granted in Boston Mills' favor.

It is from this judgment that Shaheen appeals, asserting a single assignment of error:

"The trial court erred in granting defendant Boston Mills Ski Resort, Inc.'s Motion for Summary Judgment."

In reviewing the granting or denial of a motion for summary judgment, we must determine whether " * * * (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274; *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976; Civ.R. 56(C).

Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling on a motion for summary judgment.

■ Shaheen argues that Boston Mills is liable under a common-law theory of premises liability, based on her status as a business invitee. She further alleges that she did not breach any of her statutory responsibilities as a skier, as outlined above.[1] Boston Mills, on the other hand, alleges that Shaheen did violate R.C. 4169.08, which bars her from recovery, and that a ski area operator is not liable for injuries caused by the inherent risks of skiing.

We hold that the granting of summary judgment was inappropriate in this case. At least two issues of fact remained for the jury's consideration. First, a determination of whether Shaheen violated R.C. 4169.08 depends upon the credibility of the witnesses. Some witnesses said Shaheen was a beginning skier, others said she had passed an intermediate ski course. Some witnesses said she failed to maintain control because she fell down, others argue she maintained control at all times. The level of Shaheen's skiing ability and whether she maintained control are crucial to a determination of whether she violated R.C. 4169.08. As these questions rest upon an assessment of the witnesses and their credibility, summary judgment was inappropriate in this case. See *Killilea v. Sears, Roebuck & Co.* (1985), 27 Ohio App.3d 163, 168, 27 OBR 196, 201, 499 N.E.2d 1291, 1296.

■ Second, there remains a question of fact as to the cause of the accident. We note that nowhere in the relevant statutes does the legislature abrogate the common-law duty of premises owners to business invitees. The statute does not provide immunity to a ski resort when its conduct gives rise to circumstances in which there is a great probability of harm. *Otterbacher v. Brandywine Ski Ctr., Inc.* (May 23, 1990), Summit App. No. 14269, unreported, 1990 WL 72327. Therefore, Boston Mills owed Shaheen a duty to warn of latent dangers of which it knew or should have known. *Westwood v. Thrifty Boy Super Markets, Inc.* (1972), 29 Ohio St.2d 84, 58 O.O.2d 154, 278 N.E.2d 673. There remains, therefore, a question of whether Shaheen's failure to control or a breach of Boston Mills' duty to warn was the cause of the accident. We note that while

---

1. An argument was also raised regarding an alleged release on a lift ticket purchased by Shaheen. Shaheen presented one lift ticket which she allegedly received, while Boston Mills presented a different lift ticket containing different language. Which ticket was indeed given to Shaheen is a question of fact for the fact finder. This argument, therefore, will not be further addressed.

An additional argument was raised alleging that R.C. 4169.08 is unconstitutional. We note that acts of the legislature are presumed to be constitutional. *Brady v. Safety-Kleen Corp.* (1991), 61 Ohio St.3d 624, 631, 576 N.E.2d 722, 727. However, as this argument was not separately assigned and argued in appellant's brief, it need not be addressed by this court. App.R. 12(A)(2).

there is evidence that fencing is commonly used in ski areas, there is also evidence that this particular fencing was unsafe. A weighing of this evidence remains for the jury.

The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CACIOPPO and COOK, JJ., concur.