MANLEY, Appellant,

v.

RUFUS CLUB MOZAMBIQUE, INC. et al., Appellees.

[Cite as *Manley v. Rufus Club Mozambique, Inc.* (1996), 111 Ohio App.3d 260.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–96–3.

Decided May 24, 1996.

*Gooding, Huffman, Kelley & Becker* and *Matthew C. Huffman,* for appellant.

*Cory, Meredith, Witter, Roush & Cheney Co., L.P.A.,* and *W. Thomas Roush,* for appellee Rufus Club Mozambique, Inc.

*Faulkner, Garmhausen, Keister & Shenk Co., L.P.A.,* and *James L. Thieman,* for appellee Century Surety Co.

---

SHAW, Judge.

Plaintiff-appellant, Willie Manley, appeals from a judgment entered in the Allen County Court of Common Pleas, granting summary judgment in favor of defendants-appellees, Rufus Club Mozambique, Inc., Wiley Hutchins, Rufus Williamson and Mary Jane Williamson, on plaintiff's complaint for personal injuries allegedly sustained on the premises of the H & R Bar, which was owned by defendants Rufus and Mary Jane Williamson and managed by defendant Wiley Hutchins.

On November 12, 1993, plaintiff and his brother Tony Manley entered the H & R Bar, where an altercation ensued between several patrons and defendant Hutchins. Defendant Hutchins allegedly ordered the individuals involved in the fight to leave the bar and was then thrown to the floor by plaintiff's brother Tony Manley. Defendant Hutchins next followed all patrons out of the establishment and was attempting to break up an altercation between the same individuals who were previously fighting inside the bar. Outside the bar, Tony Manley and

plaintiff allegedly began to threaten Hutchins. In response, Hutchins went to his vehicle and obtained a loaded .38 caliber handgun for his protection. Hutchins allegedly observed plaintiff with his hand inside his coat around his belt line walking toward him. Hutchins, fearing, he claims, that plaintiff was reaching for a gun, fired several shots at the plaintiff, two of which struck him, causing serious injuries.

As a result of the shooting, Hutchins was charged with two counts of felonious assault. On May 17, 1994, following a trial to the court, the trial court found that Hutchins had established the defense of self-defense by a preponderance of the evidence and entered a not guilty verdict on both counts of the indictment.

On November 10, 1994, plaintiff filed the instant civil complaint in the trial court, claiming that Hutchins had negligently and intentionally inflicted bodily injury upon plaintiff. On December 22, 1995, the trial court granted summary judgment in favor of all defendants, holding that the prior judicial determination of self-defense operated as res judicata to any further civil action.

Thereafter, plaintiff filed the instant appeal, asserting the following three assignments of error:

"I. The trial court erred in determining that the previous criminal case established res judicata as to the civil action.

"II. The trial court improperly engaged in resolving issues of material fact.

"III. The trial court erred in sustaining defendant-appellee's [*sic*] motion for summary judgment as it is contrary to the requirements of Civil Rule 56."

Defendant Hutchins was acquitted of criminal felonious assault charges on the basis that he established by a preponderance of the evidence that he was acting in self-defense. The issue plaintiff raises in his first assignment of error is whether the finding in the criminal proceeding that defendant acted in self-defense precludes plaintiff from seeking damages in the instant civil proceeding.

It is well established that a subsequent action is barred by res judicata if a prior final judgment on the merits exists, involving the identical cause of action and the same parties or their privies. *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10; see, also, *Rogers v. Whitehall* (1986), 25 Ohio St.3d 67, 25 OBR 89, 494 N.E.2d 1387. Collateral estoppel bars relitigation of an issue if the same issue was actually and necessarily litigated in a prior action involving the same parties or their privies. *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 2 OBR 732, 443 N.E.2d 978.

In the instant case, the trial court found that plaintiff had had a full and fair opportunity to litigate the issues surrounding the occurrence of the shooting as well as whether or not defendant Hutchins had established the defense of self-

defense by a preponderance of the evidence. Thus, the court held that since the plaintiff, as victim, was in privity with the state of Ohio during the criminal proceeding, plaintiff was collaterally estopped and/or estopped by judgment from pursuing a civil action.

As stated above, before collateral estoppel can operate to preclude the relitigation of the issue of self-defense which was actually litigated and determined in defendant Hutchins's prior criminal action, the parties to the second action must be identical to or in privity with the parties bound by the first action. Since plaintiff was clearly not a party to the criminal case, we must determine whether or not he was in privity with the state of Ohio for purposes of the criminal proceeding.

The Supreme Court of Ohio has held that privity for collateral estoppel purposes exists whenever the relationship between a party to the prior action and another party is close enough to include that other party within res judicata. *Thompson v. Wing* (1994), 70 Ohio St.3d 176, 637 N.E.2d 917, citing *Bruszewski v. United States* (C.A.3, 1950), 181 F.2d 419, 423 (Goodrich, J., concurring).

With respect to the issues of claim and issue preclusion in civil and criminal trials, the Supreme Court of Ohio recognized in *Walden v. State* (1989), 47 Ohio St.3d 47, 547 N.E.2d 962, that there are several qualitative differences between criminal and civil actions which "militate against giving criminal judgments preclusive effect in civil or quasi-civil litigation." *Id.* at 52, 547 N.E.2d at 967. For example, there are differing burdens of proof, rules of discovery and rules of evidence in criminal and civil actions. *Id.* at 51, 547 N.E.2d at 965–966. Moreover, rules concerning privilege and self-incrimination differ in criminal and civil proceedings. *Id.*

■ In the instant case, plaintiff was a mere witness at the criminal trial, who could not choose whether to empanel a jury or decide which witnesses to call or cross-examine. Additionally, plaintiff had no ability to appeal the trial court's ruling of acquittal. Based on the foregoing, we find that no privity existed between plaintiff and the state of Ohio.

Accordingly, we hold that the trial court erred in determining that plaintiff and the state of Ohio were in privity for purposes of res judicata. Plaintiff's first assignment of error is sustained.

Plaintiff's second and third assignments of error both allege that the trial court improperly granted summary judgment in favor of defendants because genuine issues of material fact remain for trial. The record in the instant case contains defendant Hutchins's deposition and criminal trial testimony and his affidavit in which he admitted to shooting plaintiff but stated that he believed plaintiff was reaching for a gun inside of his pants and that he fired shots because he was in

fear for his safety. The record also contains plaintiff's affidavit in which he stated that he never took any action which would make it appear that he possessed a weapon or lead a reasonable person to believe he was being threatened. Plaintiff further stated that Hutchins could have retreated easily prior to the shooting.

As previously noted, the trial court's findings of fact and conclusions of law from defendant's criminal trial have no binding effect on the instant civil case. Thus, summary judgment is proper only if it appears from the evidence presented that no genuine issues of material fact exist for trial. Civ.R. 56. In general, summary judgment should not be granted where the resolution of a material factual dispute depends on the credibility of witnesses. *Killilea v. Sears, Roebuck & Co.* (1985), 27 Ohio App.3d 163, 167–168, 27 OBR 196, 199–201, 499 N.E.2d 1291, 1295–1296; see, also, *Shaheen v. Boston Mills Ski Resort, Inc.* (1992), 85 Ohio App.3d 285, 288, 619 N.E.2d 1037, 1039–1040; *Williamson v. Gastro–Intestinal Associates, Inc.* (Sept. 13, 1993), Allen App. No. 1–93–34, unreported, 1993 WL 360441. In our view, the issue of self-defense in this case turns largely on the credibility of both plaintiff and Hutchins, who have each presented differing accounts of the shooting incident. Thus, we believe this matter is one which must be resolved by a trier of fact and not through summary judgment. Accordingly, we hold that genuine issues of material fact exist on plaintiff's claims for negligent and intentional assault and that the trial court's entry of summary judgment in favor of defendants was, therefore, improper. Plaintiff's second and third assignments of error are hereby sustained.

In summary, plaintiff's three assignments of error are sustained and the judgment of the Allen County Court of Common Pleas granting summary judgment in favor of defendants is hereby reversed. This cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.