STONE et al., Appellants,

v.

ALPINE VALLEY SKI AREA, Appellee.

[Cite as *Stone v. Alpine Valley Ski Area* (1999), 135 Ohio App.3d 540.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 98–G–2159.

Decided Dec. 18, 1999.

*Scott E. Stewart* and *Matthew T. Brady,* for appellants.

*Walter A. Rodgers* and *Jeffrey M. Elzeer,* for appellee.

NADER, Judge.

Appellants, R. Michael Stone and Andrew Stone, appeal from a summary judgment by the Geauga County Court of Common Pleas, granted in favor of appellee, Alpine Valley Ski Area.

On February 5, 1994, twelve-year-old Andrew Stone, along with his brother and his friends, went snowboarding at the Alpine Valley Ski Area. Andrew Stone testified, at deposition, that he and his friends were snowboarding on the bunny hill, but that they moved to an intermediate hill after a ski instructor told them that they were not allowed to snowboard on the bunny hill. While Andrew was snowboarding down the hill, he lost control of his snowboard when he encountered ice and slid face first into a split-rail fence located at the base of the hill. As a result of the accident, Andrew suffered injuries including a severely broken nose.

On January 22, 1997, Andrew Stone and his father, R. Michael Stone, filed a complaint against appellee alleging that it had acted negligently by placing a fence in the path where the public skied and by failing to maintain a safe place in which to ski. Appellants claimed that appellee's negligence proximately caused Andrew's injuries, and as a result of Andrew's injuries, R. Michael Stone has been deprived of the services and consortium of his son. On March 31, 1998, appellee filed a motion for summary judgment and attached to it the deposition testimony of Andrew Stone, his mother Sueann Stone, and Kent Young, the assistant general manager at Alpine Valley, and the affidavits of Jasper Shealy, a ski injury expert, and Kent Young. Appellee argued that summary judgment was appropriate because reasonable minds could only conclude that Alpine Valley owed no duty to Andrew Stone because (1) the fence was an open and obvious condition, (2) the fence was one of many inherent risks in snowboarding, (3) Andrew assumed the risk of his injury by participating in the inherently dangerous sport of snowboarding, (4) Andrew assumed the risk of his injury because an icy slope condition is an inherent risk of the sport of snowboarding, and (5) the duties owed by a ski operator to a skier/snowboarder are limited by law to those duties set forth in Chapter 4169 of the Ohio Revised Code, and those duties do not extend to fences.

In response to appellee's motion for summary judgment, appellants argued that a genuine issue of material fact existed as to whether the fence was an open and obvious danger. Appellants also argued that R.C. 4169.08 does not absolve appellee of common premises liability and does not provide immunity to a ski resort when its conduct gives rise to circumstances where there is great probability of harm. To support their argument, appellants attached the affidavits of Bahman Guyuron, M.D., and Helge Lien, an expert in ski area design, and Helge

Lien's report from his investigation of the accident, which concluded that the fencing was unsafe and the accident was foreseeable.

On May 7, 1998, the trial court granted summary judgment in favor of appellee. From this judgment, appellants filed a timely notice of appeal assigning the following error:

"[T]he trial court erred in granting summary judgment to the defendant-appellee where genuine issues of fact exist as to the creation and maintenance of an unreasonably hazardous condition by defendant-appellee, Alpine Valley Ski Area, which proximately caused injury."

Summary judgment is inappropriate unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the nonmoving party. In reviewing a motion for summary judgment, the evidence must be construed in a light most favorable to the party opposing the motion. *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 46–47, 517 N.E.2d 904, 906–907. Summary judgment may be granted only where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

Appellants contend that summary judgment was inappropriate in this case because reasonable minds could come to different conclusions as to whether the fence, as created and maintained by appellee, was an unreasonably hazardous condition. According to appellants, the trial court applied the wrong version of R.C. 4169.08, which was amended on November 20, 1996, after the accident in the instant case occurred. Appellants assert that former R.C. 4169.08(A) does not immunize ski areas from all skiing accidents. They maintain that the statute, before it was amended, did not include primary assumption of the risk as it related to skiers and thus did not preclude a claim based upon common-law principles of premises liability.

Former R.C. 4169.08 provided:

"(A) The general assembly recognizes that skiing as a recreational sport is hazardous to skiers regardless of all feasible safety measures that can be taken. It further recognizes that a skier expressly assumes the risk of and legal responsibility for any losses or damages that result from skiing, including, but not limited to, losses or damages caused by variations in terrain; surface or subsurface snow or ice conditions; bare spots, rocks, trees, stumps, and other forms of forest growth or debris; lift towers and their components, either above or below the snow surface; utility poles; and plainly marked or visible snowmaking equipment.

"(B) Therefore, a ski area operator shall have the following responsibilities." Am.Sub.H.B. No. 775, 138 Ohio Laws, Part II, 3600.

The statute continued by listing the respective responsibilities of ski area operators and skiers. R.C. 4169.09 then set forth the liabilities of ski area operators and skiers for failure to fulfill any the responsibilities required by R.C. 4169.08:

"A ski operator, tramway passenger, or a skier is liable for losses or damages caused by his failure to fulfill any of the responsibilities required by this chapter. A ski operator, a tramway passenger, or a skier is not liable for any losses or damages caused by another's failure to fulfill any of the responsibilities required of another by this chapter. A ski operator, a tramway passenger, or a skier is not entitled to recover for any losses or damages caused by his failure to fulfill any of the responsibilities required by this chapter."

The amended version R.C. 4169.08 is substantially similar to former version and provides:

"(A) The general assembly recognizes that skiing as a recreational sport is hazardous to skiers regardless of all feasible safety measures that can be taken. It further recognizes that a skier expressly assumes the risk of and legal responsibility for any losses or damages that result from the inherent risks of skiing, which include, but are not limited to, losses or damages caused by variations in terrain; surface or subsurface snow or ice conditions; bare spots, rocks, trees, stumps, and other forms of forest growth or debris; lift towers or other forms of towers and their components, either above or below the snow surface; any other objects and structures, including, but not limited to, utility poles, fences, posts, ski equipment, slalom poles, ropes, out-bounds barriers and their supports, signs, ski racks, walls, buildings, and sheds; and plainly marked or otherwise visible snowmaking and snow-grooming equipment, snowmobiles, snow cats, and over-snow vehicles.

"(B) Therefore, the legal responsibilities of a ski area operator to a skier with respect to any injury or death resulting in any way from an inherent risk of the sport shall not be those of the common law duty of premises owners to business invitees. A ski area operator shall have, however, the following responsibilities."

The amended statute sets forth the same responsibilities of ski area operators and skiers as the old statute. The liability section of R.C. 4169.09 was not amended.

Appellants contend that former R.C. 4169.08(A) does not immunize appellee from the claim presented in this case because that statute does not specifically state that a skier assumes the risk of colliding with fences. Appellants assert that the trial court erred by not following *Shaheen v. Boston Mills Ski Resort, Inc.* (1992), 85 Ohio App.3d 285, 619 N.E.2d 1037, a case applying former R.C. 4169.08(A), that held that material issues of fact existed as to whether a ski resort

had violated its duty to protect a skier from a risk of unreasonable harm presented by a fence with which she collided. In *Shaheen*, the Ninth District Court of Appeals noted that "nowhere in the relevant statutes does the legislature abrogate the common-law duty of premises owners to business invitees." *Id.* at 288, 619 N.E.2d at 1039.

We do not agree with the Ninth District's conclusion in *Shaheen*. Although the General Assembly amended R.C. 4169.08(A) after *Shaheen* and specifically listed fences as an inherent risk of skiing, we conclude that former R.C. 4196.08(A) included fences. Former R.C. 4169.08(A) states that a "skier expressly assumes the risk of and legal responsibility for any losses or damages that result from skiing." The statute gives examples of objects and states that the list is not limited to those objects. The intent of the statute was to immunize a ski resort from claims for damages arising from injuries due to skiing. Andrew Stone was injured as a result of snowboarding; he encountered ice on the slope and fell as a result. That he collided with a fence at the base of the slope rather than a tree or utility pole makes no difference. All three objects pose risks that are inherent to the activity of skiing or snowboarding.

We also do not agree with the Ninth District's assertion that R.C. 4169.08 does not abrogate the common-law duty of premises owners to business invitees. R.C. 4169.08(A) specifically states that "a skier expressly assumes the risk of and legal responsibility for any losses or damages that result from skiing." This statement demonstrates that the General Assembly intended that skiers should primarily assume the risk of skiing. Primary assumption of the risk is when the defendant, as a matter of law, owes no duty to the plaintiff. *Anderson v. Ceccardi* (1983), 6 Ohio St.3d 110, 114, 6 OBR 170, 174, 451 N.E.2d 780, 783–784. Without duty, common-law premises liability does not exist.

Even if we agreed that R.C. 4169.08 did not abrogate common-law premises liability, appellants' claim still could not withstand summary judgment. *Shaheen* stands for the proposition that R.C. 4169.08 does not provide immunity to a ski resort when its conduct gives rise to circumstances in which there is a great probability of harm. *Otterbacher v. Brandywine Ski Ctr., Inc.* (May 23, 1990), Summit App. No. 14269, unreported, 1990 WL 72327, the case that *Shaheen* cites for that proposition, states that R.C. 4169.08 provides immunity to ski resorts for negligent acts. *Otterbacher* states that "R.C. 4196.08 immunizes ski area operators from liability for injuries resulting from the inherent risks of skiing. However, the statute immunizes the ski area operator for potential negligent acts and not willful and wanton misconduct." Because appellants' only cause of action against appellee is for negligence, R.C. 4169.08 immunizes appellee from that claim; therefore, the trial court did not err by granting summary judgment in favor of appellee.

For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.

*Judgment affirmed.*

FORD, P.J., and WILLIAM M. O'NEILL, J., concur.