OPINION
{¶ 1} Plaintiff-appellant Frederick D. Adams ("appellant") brings this appeal from the judgment of the Court of Common Pleas of Hancock County, Domestic Relations Division finding him in contempt of court.
 {¶ 2} Appellant and defendant-appellee Rita M. Adams ("appellee") were married on July 4, 1970. Two children were born during the marriage: Frederick D. Adams, Jr., D.O.B. September 17, 1973, and Scott P. Adams, D.O.B. December 31, 1978. On October, 19, 1990, a decree of divorce was granted to appellant. The parties reached an agreement on all issues, including the division of property. The trial court entered judgment journalizing the agreement as follows.
 {¶ 3} "As partial consideration for her interest in the house, [appellant] shall pay to [appellee] the sum of $5,000.00 on or before one year after the Eugene Lab case, bearing case number 88-673-F in the Hancock County Common Pleas Court is resolved. No interest shall be due on such amount until and unless such an amount is not paid when due. In further consideration for [appellee's] interest in the residence premises, if the aforesaid Eugene Lab case is resolved favorably to the parties hereto, [appellant] shall forthwith place an additional $7,000.00 in a trust account for the education of the parties' minor children, such trust and/or account to require the mutual agreement of [appellant and appellee] for distribution of funds therefrom. In any event, if such funds are not wholly disbursed when the parties' youngest child has attained the age of twenty-five, the balance in such trust account shall be distributed equally between the parties' children.
 {¶ 4} "[Appellee] shall retain her interest in the aforesaid residence premises of the parties and, by this Judgment Entry, have a lien against [appellant's] interest therein until such time as [appellant] pays [appellee] the aforesaid sum of $5,000.00, deposits the sum of $7,000.00 in the trust account as aforesaid, and has completed payment of the division of property alimony to [appellee] as is hereinafter set forth. Upon the payment of such amounts in full, [appellee] shall execute and deliver to [appellant] a Quit Claim Deed for her interest in the residence premises.
 {¶ 5} " * * *
 {¶ 6} "As a division of property alimony, [appellant] shall pay to [appellee] the full sum of $20,500.00 as follows:
 {¶ 7} "A. $6,000.00 in cash immediately.
 {¶ 8} "B. The balance of $14,500.00 owed to [appellee] by [appellant] shall bear interest at 10% per annum and shall be paid in monthly installments as follows:
 {¶ 9} "(i) If [appellant] is paying no child support to [appellee], such payment shall be in the amount of $300.00 per month.
 {¶ 10} "(ii) If [appellant] is paying child support to [appellee] for one child, such payment shall be in the amount of $250.00 per month.
 {¶ 11} "(iii) If [appellant] is paying child support to [appellee] for two children, then the payment shall be in the amount of $200.00 per month.
 {¶ 12} "All installment payments to be made hereon shall be paid by a wage withholding alimony deduction from [appellant's] pay." October 19, 1990 Judgment Entry.
 {¶ 13} On January 16, 1991, the trial court issued a second judgment entry to resolve the remaining issues. This judgment entry also addressed the question of how the alimony payments were to be made. Once again, this judgment entry was the result of an agreement by the parties as to what would occur.
 {¶ 14} "[Appellant] shall commence his property division alimony installment payments to [appellee] on December 21, 1990, in the amount of $200.00 per month together with poundage thereon by wage withholding through the Hancock County Child Support Enforcement Agency. Such payment shall continue thereafter in accordance with the provisions contained in the Judgment Entry filed herein on October 19, 1990." January 16, 1991, Judgment Entry.
 {¶ 15} On June 5, 1997, the Hancock County Child Support Enforcement Agency ("HCCSEA"), the party responsible for collecting the principal and interest owed on the property distribution, determined that appellant's obligation had been fully paid. According to HCCSEA's records, appellant had paid all of the principal and interest owed.
 {¶ 16} On August 29, 2000, appellee filed a motion in contempt alleging that appellant had failed to pay the $5,000.00 owed, failed to place the $7,000.00 in trust, and that HCCSEA had used an inappropriate accounting method in determining that appellant's debt on the property distribution was paid in full. The trial court held a hearing on the matter on August 3, 2001. Both parties stipulated that appellant had not paid either the $5,000.00 or the $7,000.00. Both parties also stipulated that appellant had made all payments required by HCCSEA for the property division. On October 30, 2001, the magistrate issued a decision granting judgment to appellee on the $5,000.00 debt and the $7,000.00 debt. The magistrate then determined that the computer program HCCSEA used to compute interest was not appropriate and, therefore, appellant still owed appellee $8,608.02 on the property distribution. However, the magistrate determined that appellant was not responsible for interest that accumulated after HCCSEA informed appellant that the debt was paid in full. Both parties filed objections to this decision. On February 22, 2002, the trial court entered judgment overruling the objections and adopting the magistrate's decision. Based upon this ruling, appellant raises the following assignments of error.
 {¶ 17} "The trial court erred and abused its discretion when it only granted [appellant's] motion, filed pursuant to Civ.R. 60(B)(4), in part, regarding the [appellant's] property division payments required pursuant to the decree of divorce filed October 19, 1990, as the trial court's ruling was against the manifest weight of the evidence.
 {¶ 18} "The trial court erred and abused its discretion when it overruled [appellant's] motion, filed pursuant to Civ.R. 60(B)(4), regarding [appellant's] payment of five thousand dollars ($5,000.00) to [appellee] "on or before one year after the Eugene Lab Case, bearing case no. 88-683-F in the Hancock County Common Pleas Court is resolved," pursuant to the decree of divorce filed October 19, 1990, as the trial court's ruling was against the manifest weight of the evidence.
 {¶ 19} "The trial court erred and abused its discretion when it overruled [appellant's] motion, filed pursuant to Civ.R. 60(B)(4), regarding [appellant's] requirement that [appellant] place seven thousand dollars ($7,000.00) into a trust account for the parties minor children, pursuant to the decree of divorce filed October 19, 1990, as the trial court's ruling was against the manifest weight of the evidence.
 {¶ 20} "The trial court erred and abused its discretion when it found the [appellant] in contempt of court as same was against the manifest weight of the evidence."
 {¶ 21} Appellee also raises an assignment of error.
 {¶ 22} "The trial court erred to the prejudice of appellee by failing to award interest on the $8,608.02 due appellee from appellant for the period between June 5, 1997, and August 3, 2001."
 {¶ 23} In the second and third assignments of error, appellant claims that the trial court erred in ordering him to pay appellee the $5,000.00 plus interest and to place the $7,000.00 plus interest in trust as required by the divorce decree. Appellant admits that he never paid either of these amounts. However, appellant argues that he has helped appellee and their children in other ways, so the debt should be considered paid. In the alternative, appellant claims that since appellee did not bring the claim for eight years, it is barred by the doctrine of laches.
 {¶ 24} Once a judgment is entered, the debtor is required to pay it with simple interest, as required by the court, until it is paid in full. Appellant claims that because he helped appellee and their children financially, he should not have to pay the debt. However, if he had paid the debt, they might not have required his financial aid. Appellant admits that he knew he still owed the debt, but chose not to pay it. He also was aware that interest was being added to the debt for the time in which he did not pay. Thus, appellant cannot claim that he was unfairly surprised by the amount owed. The second and third assignments of error are overruled.
 {¶ 25} Appellant claims in the fourth assignment of error that the trial court erred by finding him in contempt of court for failure to pay the judgments ordered. Appellant claims that the trial court's findings were against the manifest weight of the evidence. However, appellant admits that he did not pay two of the debts he owed under the prior judgment. Thus, the trial court did not abuse its discretion in finding him in contempt of court for this failure. The fourth assignment of error is overruled.
 {¶ 26} In the first assignment of error, appellant claims that the trial court erred in ordering him to pay $8,608.02 for a property settlement since that amount had already been paid. Appellee also raises this issue in its cross-appeal, which alleges that appellant should have to pay interest from the time payments ceased, not the time that the court modified the judgment. The judgment entry of October 19, 1990, required that the HCCSEA collect the amounts owed for property settlements through wage withholdings. The statutory rate of 10% simple interest was applied. R.C. 1343.03. The trial court did not inform the agency how to compute the interest, thus leaving the matter to the discretion of the agency. The agency then entered the amounts owed and the amounts collected into its computer program, which computed the interest. The representative from the agency testified that the computer program they use computes the amount of interest owed at the end of every month and that it was the program used to compute the interest on all the obligations that HCCSEA was responsible for collecting. The representative also provided documentation showing that appellant had paid in full all of his property division obligation with the last payment being made in 1997. In opposition, appellee provided the court with testimony that the method used by HCCSEA to calculate interest was not the method the witness would have used. He testified that his calculations were based upon a daily computation of interest. He did not testify that the computer program used by HCCSEA came up with incorrect numbers, just that it did not perform the calculations as he would have done them.
 {¶ 27} In essence, appellee is challenging the judgment entry of January 16, 1991, which ordered HCCSEA to collect the debt and to calculate the interest. Without specific instructions from the trial court, HCCSEA was given the discretion to set the method of calculation. The agency used the same computer program that it used for every other interest calculation. The method of calculating interest was accepted by the court as appropriate at that time to calculate all judgments owed. If appellee was displeased with the method of calculation, an appeal should have been taken at that time. "A party shall file the notice of appeal within 30 days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." App.R. 4(A). The failure to file a timely appeal precludes a party from subsequently raising the issue in a delayed appeal.
 {¶ 28} In this case, appellee could have asked the trial court to specify a method of calculation or questioned HCCSEA about its method. By remaining silent, appellee accepted the method of calculation as chosen by HCCSEA. The time for challenging the method was in 1991, not a decade later. Even if appellee's argument that she was not aware of the method of calculation until 1997 is accepted, the challenge to that method is not timely. Appellee waited approximately three years before filing a contempt motion which included the challenge to HCCSEA's method of calculation.[1] Since appellee did not timely bring the challenge to the method of calculation, she is barred by the doctrine of res judicata from doing so at this time. Manley v. Rufus Club Mozambique, Inc.
(1996), 111 Ohio App.3d 260, 675 N.E.2d 1342. The first assignment of error is sustained and the assignment of error of the cross-appeal is overruled.
 {¶ 29} The judgment of the Court of Common Pleas of Hancock County is affirmed in part and reversed in part.
Judgment affirmed in part and reversed in part.
WALTERS and HADLEY, JJ., concur.
[1] We note that appellant is not in contempt for his failure to pay what appellee claims are owed on the property division settlement. Appellant paid in full the amount that HCCSEA claimed was owed. Appellee admits that the error, if any, is that of HCCSEA, not appellant.