OPINION
{¶ 1} Defendant, Christopher Hill, appeals from a summary judgment for Plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm").
 {¶ 2} Hill was convicted in a criminal proceeding on his plea of no contest of attempted murder, with a firearm specification. The offense arose from Hill's attempt to shoot Brock Davidson. The court sentenced Hill to a seven year term of imprisonment. The court also ordered Hill to pay $4,867.09 in restitution for damages to Davidson's vehicle and his related medical expenses. The court ordered the restitution paid through the clerk of the court.
 {¶ 3} Davidson maintained a policy of insurance with State Farm. Defendant Hill had paid $1,390.00 toward his restitution obligation in the criminal case when State Farm commenced the underlying subrogation action against Hill, seeking a civil judgment for $4,977.09, which represents amounts it had paid on Davidson's behalf arising from the shooting incident.
 {¶ 4} Both parties filed motions for summary judgment. The trial court denied Hill's motion, which asserted that State Farm's claim for relief was barred by res judicata. The court granted State Farm's motion on its merits. The court credited Hill with the $1,390.00 he had paid in restitution in the criminal case, and it awarded judgment for State Farm against Hill in the amount of $3,477.09.[1] Hill filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE RESTITUTION ORDER IN THE RELATED CRIMINAL CASE ENCOMPASSING THE CLAIM OF THE PLAINTIFF-APPELLEE DID NOT RENDER THIS ACTION RES JUDICATA."
SECOND ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED AS A MATER OF LAW IN FAILING TO GRANT SUMMARY JUDGMENT TO THE DEFENDANT-APPELLANT UPON PROPER MOTION THEREFORE WHERE NO GENUINE ISSUE OF MATERIAL FACT EXISTS AND THE LAW REQUIRES THAT THE PLAINTIFF-APPELLEE COULD NOT PREVAIL ON THE MERITS OF THE CLAIM."
 {¶ 7} These assignments of error present issues that are intertwined. They will therefore be considered together.
 {¶ 8} Hill argues that the civil action State Farm filed is barred by the doctrine of res judicata, which provides that a final judgment on the merits is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with themGrava v. Parkman Township, 73 Ohio St.3d 379, 381, 1995-Ohio-331. But, res judicata is not applicable to the facts before us.
 {¶ 9} The prior criminal action was brought by the State of Ohio against Hill. Neither State Farm nor the victim, State Farm's subrogor, were parties to the criminal action. Further, no privity existed between the State of Ohio, the plaintiff in the criminal case, and either the victim or State Farm, the plaintiff in the civil action. Manley v. RefusClub Mozambique, Inc. (1996), 111 Ohio App.3d 260, 263, 675 N.E.2d 1342. The trial court was therefore correct in overruling Hill's motion for summary judgment predicated on the res judicata bar.
 {¶ 10} Hill also argues that, res judicata notwithstanding, the civil judgment for State Farm exposes him to a double obligation and grants State Farm a double benefit arising from the same claim. It is undisputed that the $1,390.00 in restitution Hill has paid in the criminal case has been collected by State Farm, and that any additional amounts Hill pays on that obligation will likewise be collected by State Farm.
 {¶ 11} The court in the criminal proceeding was authorized by R.C.2929.18(A)(1) to order Hill to pay restitution to the victim of his crime, Davidson, "in an amount based on the victim's economic loss." R.C. 2929.18(H) provides: "No financial sanction imposed under this section . . . shall preclude a victim from bringing a civil action against the offender." R.C. 2929.18(A)(1) provides that any restitution payments made in the criminal action "shall be credited against any recovery of economic loss in a civil action brought by the victim . . . against the offender." The subrogation action that State Farm brought was on the portion of his claim against Hill that the victim had assigned to State Farm.
 {¶ 12} Hill's contention that he will be subject to a double obligation is at best premature. Thus far, though the judgments in the criminal and civil cases are separate, Hill has been credited with the restitution he paid in the criminal case against the amount of restitution he could have been ordered to pay in the civil case. He has paid no additional amounts. Any future payments Hill makes against his obligation in the criminal case must likewise be credited against State Farm's civil judgment. R.C. 2929.18(A)(1). Hill may ask the court in the criminal case to credit any amounts State Farm otherwise recovers on its civil judgment against Hill's restitution obligation in the criminal case.
 {¶ 13} The assignments of error are overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
[1] These calculations yield a balance of $3,587.09 actually remaining. The amount of the court's judgment is $110.00 less than that, reflecting an error in prior calculations and the amount of Davidson's deductible ogligation under his policy with State Farm.