[Cite as *Coleman v. Warren*, 2022-Ohio-1020.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

LA'SHEARA COLEMAN,           :        APPEAL NO. C-210362
                                      TRIAL NO. A-2100373
    Plaintiff-Appellant,     :

  vs.                        :        *O P I N I O N.*

DALE WARREN,                 :

    Defendant-Appellee.      :


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  March 30, 2022

*Stepleton Law, LLC*, and *Richard P. Gabelman*, for Plaintiff-Appellant,

*Joseph P. Hoerig*, for Defendant-Appellee.

**ZAYAS, Judge.**

{¶1}    Plaintiff-appellant La'Sheara Coleman appeals the trial court's grant of summary judgment in favor of defendant-appellee Dale Warren.  For the following reasons, we sustain the sole assignment of error, reverse the judgment of the trial court, and remand the cause for further proceedings consistent with this opinion and the law.

## Factual and Procedural History

{¶2}    Warren was charged with a traffic-light violation in the case numbered 18TRD-15989, resulting from a traffic accident which occurred on April 25, 2018.  He pled not guilty, and the case proceeded to trial on May 15, 2018.  Three witnesses testified at trial: Warren, Mariah Miller, and Kolyon Allen, who was the driver of the other vehicle.  The accident occurred when Allen was turning left off of North Bend Road onto Simpson Avenue.  The intersection is controlled by a traffic light.  Allen testified that the light was yellow when he was turning left, but also testified that the light was red when the accident occurred.  Miller was a pedestrian attempting to cross when the accident occurred.  Miller testified that the light was yellow as she was crossing the street, but red when the accident occurred.  The accident occurred as she was approaching the sidewalk.  Warren testified that the light was green when the other car turned in front of him.  The trial court found Warren not guilty of the traffic-light violation.  At the hearing, the trial court stated:

> Mr. Allen testified that he was making a left-hand turn.  His light was yellow.  So he has a duty to yield when he's turning left.  If his light was yellow when he is making this left-hand turn, that means your light was also yellow.  So you can proceed through.  He had a duty to yield when turning left, not you.  And nobody can testify as to what color your

light was, he only testified the color of the light going this way, which was yellow, which would mean your light was yellow as well. So the finding is not guilty.

**{¶3}** On January 29, 2021, Coleman filed the complaint in the instant case against Warren, alleging that Warren negligently ran a red light and struck Coleman's vehicle, which was making a left-hand turn while she was a passenger, causing damages. Warren answered the complaint on March 4, 2021. The answer admitted that a collision occurred between a vehicle driven by him and a vehicle occupied by Coleman but driven by Allen; however, the answer denied any liability for the same. Warren subsequently filed a motion for summary judgment on March 11, 2021, arguing that issue preclusion applied as to the color of the light and who violated the right-of-way since these issues were already decided in his favor in the previous traffic court case. Accordingly, he argued that, since it was already determined that the light was yellow and he had the right of way, it cannot be shown that he violated a duty of care in the instant case and thus summary judgment was appropriate. After responsive pleadings were filed by Coleman and Warren, the trial court granted summary judgment in favor of Warren on June 9, 2021. Coleman timely filed a notice of appeal on June 30, 2021.

**Law and Analysis**

**{¶4}** In a sole assignment of error, Coleman argues that the trial court erred in granting Warren's motion for summary judgment. We review a trial court's grant of summary judgment de novo. *Mid-Century Ins. Co. v. Stites*, 1st Dist. Hamilton No. C-200421, 2021-Ohio-3839, ¶ 10. " 'Summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence, when viewed in favor of the nonmoving party,

permits only one reasonable conclusion and that conclusion is adverse to the nonmoving party.' " *Id.*, quoting *Heiert v. Crossroads Community Church, Inc.*, 1st Dist. Hamilton Nos. C-200244 and C-200391, 2021-Ohio-1649, ¶ 37.

{¶5} " 'The main legal thread which runs throughout the determination of the applicability of * * * collateral estoppel, is the necessity of a fair opportunity to fully litigate and be "heard" in the due process sense.' " (Ellipses sic.) *Caliman v. Am. Gen. Fire & Cas. Co.*, 94 Ohio App.3d 572, 578, 641 N.E.2d 261 (1st Dist.1994), quoting *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 200-201, 443 N.E.2d 978 (1983). "Collateral estoppel, also known as issue preclusion, provides that an issue that has been fully and fairly litigated and determined in a prior action 'may not be drawn into question in a subsequent action between the same parties and their privies, regardless of whether the claims in the two actions are identical or different.' " *Brunner v. RJ Lipps, Inc.*, 1st Dist. Hamilton No. C-150601, 2016-Ohio-3231, ¶ 8, quoting *Mitchell v. Internatl. Flavors & Fragrances, Inc.*, 179 Ohio App.3d 365, 2008-Ohio-3697, 902 N.E.2d 37, ¶ 13 (1st Dist.).

> The doctrine of collateral estoppel is applicable when (1) the party against whom estoppel is sought was either a party or in privity with a party to the prior action; (2) a final judgment was rendered on the merits in the previous action following a full and fair opportunity to litigate the issue; (3) the issue on which estoppel is sought was either admitted or actually tried and decided in the prior action, and was necessary to the final judgment; and (4) the issue in the current case is identical to the issue involved in the prior suit.

*Id.*, citing *Monahan v. Eagle Picher Industries, Inc.*, 21 Ohio App.3d 179, 180-181, 486 N.E.2d 1165 (1st Dist.1984).

**{¶6}** Coleman argues that issue preclusion was inapplicable in this case because no privity existed between her and the state of Ohio. She does not contest the other elements of collateral estoppel. Warren argues that issue preclusion was applicable because privity exists when a mutuality of interest is established among the parties, and Coleman and the state of Ohio "shared a common desired result with all other motorists on the roadway that day,"—"safely arriving at her ultimate destination."

**{¶7}** "As a general matter, privity 'is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata.' " (Citation omitted.) *Thompson v. Wing*, 70 Ohio St.3d 176, 184, 637 N.E.2d 917 (1994). "Neither a contractual nor a beneficiary relationship is necessary for an Ohio court to apply the concept of privity for purposes of res judicata." (Citation omitted.) *State ex rel. Schachter v. Ohio Pub. Emp. Retirement Bd.*, 10th Dist. Franklin No. 07AP-444, 2008-Ohio-3624, ¶ 19. A party is in privity with another if he succeeds "an estate or an interest formerly held by the other" or "where a party is so identified in interest with another that the party represents the same legal right." (Citations omitted.) *Wright v. Heller*, 2018-Ohio-149, 102 N.E.3d 1285, ¶ 25 (1st Dist.).

**{¶8}** "Privity was formerly found to exist only when a person succeeded to the interest of a party or had the right to control the proceedings or make a defense in the original proceeding." (Citation omitted.) *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 9. "An interest in the result of and active participation in the original lawsuit may also establish privity." *Id.* Further, "[i]ndividuals who raise identical claims and seek identical rather than individually tailored results may be in privity." (Citation omitted.) *Id.*

{¶9}   The Ohio Supreme Court has more recently stated that "privity is a somewhat amorphous concept in the context of claim preclusion." (Citation omitted.) *Id.* "A 'mutuality of interest, including an identity in the desired result,' might also support a finding of privity.' " (Citation omitted.) *Id.* "Mutuality, however, exists only if 'the person taking advantage of the judgment would have been bound by it had the result been the opposite. Conversely, a stranger to the prior judgment, being not bound thereby, is not entitled to reply upon its effect under the claim of *res judicata* or collateral estoppel.' " (Citation omitted.) *Id.*

{¶10}  "The crux of the issue of privity is whether the new party had adequate representation in the prior action." *Monfort Supply Co. v. City of Cheviot*, 1st Dist. Hamilton No. C-940898, 1995 Ohio App. LEXIS 4172, *16-17 (Sept. 27, 1995); *see Seibel v. Crown Cork & Seal Co.,* 1st Dist. Hamilton No. C-850758, 1986 Ohio App. LEXIS 7168, *9-10 (June 18, 1986) ("The gravamen of the party-or-privity requirement is the party against whom estoppel is sought had previously been afforded a full and fair opportunity to litigate the disputed issue."). "If so, then that new party is in privity with the party to the prior case for collateral-estoppel purposes." *Monfort Supply* at 17.

{¶11}  In *Walden v. State*, 47 Ohio St.3d 47, 51, 547 N.E.2d 962 (1989), the Ohio Supreme Court recognized that "a verdict or judgment of acquittal in a criminal trial is a determination that the state has not met its burden of proof on the essential elements of the crime. It is not necessarily a finding that the accused is innocent." It also recognized that the "qualitative differences" between a civil proceeding and a criminal proceeding, such as burdens of proof, rules, and constitutional safeguards, "militate against giving criminal judgments preclusive effect in civil or quasi-civil

litigation." *See id.* at 52; *accord State ex rel. Ferguson v. Court of Claims*, 98 Ohio St.3d 399, 2003-Ohio-1631, 786 N.E.2d 43, ¶ 24.

**{¶12}** Relying on *Walden*, the Third District Court of Appeals found an absence of privity between the state of Ohio and a plaintiff in a subsequent civil action, who was the victim of a crime and appeared as a witness at the defendant's criminal trial, where the plaintiff was "a mere witness at the criminal trial who could not choose whether to empanel a jury or decide which witnesses to call or cross-examine," and "had no ability to appeal the trial court's ruling of acquittal." *Manley v. Rufus Club Mozambique, Inc.*, 111 Ohio App.3d 260, 263, 675 N.E.2d 1342 (3d Dist.1996).

**{¶13}** Here, the prior proceeding was a traffic proceeding. Traffic proceedings are governed by the Ohio Traffic Rules. *See* Traf.R. 1(A); Crim.R. 1(C). However, when no procedure is specifically prescribed by the Ohio Traffic Rules, "the Rules of Criminal Procedure and the applicable law apply." Traf.R. 20. Additionally, "[i]n the case of traffic offenses, as with criminal offenses, the prosecution is required to prove each material or essential element beyond a reasonable doubt." (Citations omitted.) *City of Sidney v. Alter*, 3d Dist. Shelby No. 17-13-22, 2014-Ohio-3374, ¶ 15. Thus, while not identical to a criminal proceeding, the burden of proof and rules governing traffic proceedings still differ from that of a civil proceeding and the same rationale would apply to militate against giving the judgment a preclusive effect. Additionally, Coleman did not have any right to control the traffic court proceedings, there is nothing in the record to indicate that Coleman participated in the prior proceedings in any way, and Coleman had no ability to appeal the traffic court judgment. *See Manley* at 263; *accord State Farm Mut. Auto. Ins. Co. v. Hill*, 2d Dist. Green No. 2006 CA 24, 2007-Ohio-581, ¶ 9.

**{¶14}** Warren argues that privity existed between Coleman and the state of Ohio based on a mutuality of interest; however, mutuality of interest can only exist if Warren, the person taking advantage of the judgment, would also be bound thereby had the traffic court ruled differently. *See O'Nesti*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, at ¶ 9. This court has previously determined that a traffic court judgment, concerning who had the right of way and who was liable, cannot be used to bind the defendant in a subsequent civil action because (1) "[a] defendant does not have the same incentive to defend a traffic citation for making an improper left turn as he or she would have to defend a civil action for negligence," (2) the damages at stake in a civil action are "simply not present in an action involving a traffic citation," (3) "defenses that would be available to a defendant in a civil action for negligence have no relevance to and are unavailable in a traffic case," and (4) the rules which govern a negligence action, the Ohio Rules of Civil Procedure, are separate from the rules that the legislature promulgated to govern actions involving traffic citations, the Ohio Traffic Rules. *Brunner*, 1st Dist. Hamilton No. C-150601, 2016-Ohio-3231, at ¶ 11-13. Thus, Warren is trying to take advantage of a judgment that would not be binding on him had the traffic court found differently and held him liable for the traffic-light violation. Therefore, a mutuality of interest cannot exist in this case.

**{¶15}** For the foregoing reasons, we hold that privity does not exist between Coleman and the state of Ohio. Because no privity exists, collateral estoppel is not applicable to bar Coleman from relitigating the issues previously determined by the traffic court. Because collateral estoppel is not applicable, material issues of fact remain to be determined and Warren failed to show that he is entitled to summary judgment as a matter of law on Coleman's negligence claim. Accordingly, the assignment of error is sustained.

## Conclusion

{¶16}   Having sustained the sole assignment of error, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

**MYERS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.