DECISION
{¶ 1} Relator, Patti Schachter, commenced this original action requesting that this court issue a writ of mandamus ordering respondent Ohio Public Employees Retirement Board ("board") to consider her May 2006 application for service credit on the merits and *Page 2 
to find that relator is a public employee as defined in R.C. Chapter 145 and is entitled to participate in the Ohio Public Employees Retirement System ("PERS").
 {¶ 2} This court referred the matter to a magistrate of this court, pursuant to Civ. R. 53 and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate recommended that this court deny relator's request for a writ of mandamus. Relator has filed objections to the magistrate's decision. Therefore, this matter is now before this court for a full, independent review.
 {¶ 3} Relator's objections to the magistrate's findings of fact are limited to the magistrate's ninth and eleventh findings of fact. To support her objections to these findings of fact, relator simply states that finding of fact number nine is "incomplete and out of context" and that finding of fact number eleven is "not a finding of fact." (Relator's objections, at 1.) Relator provides no analysis to support her conclusory assertions regarding these two findings of fact. Finding of fact number nine indicates that a full evidentiary hearing was held before a PERS hearing examiner on October 14, 2004, and it quotes a portion of the transcript from that hearing. Even though this finding of fact does not quote the entire transcript of the evidentiary hearing that was held on October 14, 2004, it provides pertinent information regarding the circumstances of the hearing and quotes significant testimony. Finding of fact number eleven sets forth one of the determinations made by the hearing examiner in his report and recommendation concerning the application for PERS membership. As to this finding of fact, we find it appropriate for the magistrate to set forth the pertinent procedural history of this matter in the findings of fact. For these reasons, we overrule relator's objections to the magistrate's *Page 3 
ninth and eleventh findings of fact. Upon independently reviewing the record, we resolve that the magistrate has properly discerned the pertinent facts; thus, we adopt the magistrate's findings of fact.
 {¶ 4} Because we adopt the magistrate's findings of fact, we will provide a limited recitation of the facts before addressing relator's objections to the magistrate's conclusions of law. In March 1999, Joseph Kodish, relator's supervisor, submitted a request for a determination as to whether he and several of his coworkers, including relator, were public employees eligible for PERS membership and service credit for their employment with the Legal Defender Office in Summit County, Ohio. The necessary documentation was submitted for purposes of relator's efforts to obtain service credit. A PERS staff member sent separate letters to Kodish, the Summit County auditor, and relator, reflecting a determination that the named employees were entitled to participate in PERS. Summit County appealed the initial determination and requested a staff determination reversing the determination that the named employees were public employees entitled to PERS participation. Relator was identified in that document. PERS's general counsel issued a staff determination finding that Kodish and the other employees were not public employees and were not subject to PERS coverage.
 {¶ 5} Kodish appealed the senior staff determination, and a full evidentiary hearing was held on October 14, 2004, before a PERS hearing examiner. Subsequently, the hearing examiner issued his report and recommendation regarding what has been identified as the "Kodish appeal," wherein he recommended that the board deny Kodish's application for membership in PERS. Kodish filed objections to the report and recommendation. The board decided to accept the hearing examiner's report and *Page 4 
recommendation finding that Kodish was not a public employee while employed as the director of the Summit County Legal Defender Office and Summit County Public Defender for the time period 1973 through 1999 and that he was not eligible for PERS coverage. No additional action was taken by Kodish or the other named applicants.
 {¶ 6} On May 14, 2006, relator again applied for PERS membership for her employment with the Summit County Legal Defender Office. By letter dated June 13, 2006, PERS staff denied the application on the basis that it was previously determined that employees of the Summit County Legal Defender Officer were not public employees as defined in R.C. 145.01(A). Relator filed an appeal from the June 13, 2006 staff determination, and requested that the matter be referred to an independent hearing examiner before a final decision by the board. By letter dated July 13, 2006, general counsel for PERS informed relator that the board had already made the final determination that the Summit County Legal Defender Office was not a public employer and that the decision applied to relator. Relator objected and requested a reconsideration of the general counsel's decision. In response, general counsel sent a letter, dated July 28, 2006, to relator informing her that the board's determination that the employer was not a public employer was final and that an appeal to the board was not available.
 {¶ 7} Subsequently, relator filed this mandamus action seeking a writ ordering the board to consider her May 2006 application on the merits and to find that relator is entitled to participate in PERS. The magistrate recommended that this court deny the requested writ. In reaching this conclusion, the magistrate found that relator is in privity with Kodish and that the Kodish proceedings were quasi-judicial in nature. Having made those findings, the magistrate resolved that issue preclusion and res judicata apply. The *Page 5 
magistrate also found that relator did not avail herself of any of the available administrative remedies when she could have so acted, and she therefore did not exhaust her legal administrative remedies.
 {¶ 8} "`[M]andamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by an administrative body.'" State ex rel. Schaengold v. Ohio Pub. Emp.Retirement Sys., 114 Ohio St.3d 147, 2007-Ohio-3760, at ¶ 8, quotingState ex rel. Pipoly v. State Teachers Retirement Sys.,95 Ohio St.3d 327, 2002-Ohio-2219, at ¶ 14. Because there is no statutory right to appeal the board's denial of PERS service credit, mandamus is an available remedy. State ex rel. Van Dyke v. Public Emp. RetirementBd., 99 Ohio St.3d 430, 2003-Ohio-4123, at ¶ 20. Thus, in order to be entitled to a writ of mandamus, relator must establish that the board abused its discretion in denying PERS membership. State ex rel. Davis v.Public Employees Retirement Bd., 174 Ohio App.3d 135, 2007-Ohio-6594, at ¶ 40, citing Van Dyke, at ¶ 21.
 {¶ 9} As recognized by the magistrate, the pivotal issue in this matter is whether issue preclusion and res judicata apply to bar relator's second request for PERS membership. Whether res judicata applies is a question of law. Davis, at ¶ 41, citing Nye v. Ohio Bd. ofExaminers of Architects, 165 Ohio App.3d 502, 2006-Ohio-948, at ¶ 12. Furthermore, "[a]n administrative agency's misapplication of the doctrine of res judicata may constitute an abuse of discretion that may be remedied with a writ of mandamus." Davis, at ¶ 41, citing bothState ex rel. Thompson v. Indus. Comm. (Aug. 31, 1993), Franklin App. No. 92AP-296, and State ex rel. Kincaid v. Allen Refractories Co.,114 Ohio St.3d 129, 2007-Ohio-3758. *Page 6 
 {¶ 10} As to the magistrate's conclusions of law, relator argues by her first objection that the magistrate erred in concluding that her claim for service credit is barred by the doctrines of issue preclusion and res judicata. In conjunction with this argument, relator contends by her second and fourth objections that the magistrate erred in finding that she was a party to the "Kodish case" and was in privity with Kodish, and that "a staff determination proceeding before OPERS is a quasi-judicial proceeding resulting in the type of decision which has finality or has preclusive effect." (Relator's objections, at 1.)
 {¶ 11} Preliminarily, we note that relator argues that because participation in PERS is compulsory, and cannot be waived, issue preclusion and res judicata are unavailable to preclude relator's participation. This argument is unpersuasive, as the issue in this case is not about whether there was a waiver of PERS participation, but whether the PERS membership determination by the board in the Kodish appeal precludes relator's subsequent request for a PERS membership determination.
 {¶ 12} "`[T]he doctrine of res judicata is to be applied in particular situations as fairness and justice require, and that it is not applied so rigidly as to defeat the ends of justice or so as to work an injustice.'" Davis v. Wal-Mart Stores, Inc. (2001), 93 Ohio St.3d 488,491, quoting Grava v. Parkman Twp. (1985), 73 Ohio St.3d 379, at 386
(Douglas, J., dissenting), quoting 46 American Jurisprudence 2d (1994) 786-787, Judgments, Section 522. (Emphasis omitted.) Furthermore, the doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel. O'Nesti v.DeBartolo Realty Corp., 113 Ohio St.3d 59, 2007-Ohio-1102, at ¶ 6, citing Parkman Twp., at 381. *Page 7 
 {¶ 13} "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. * * * Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter."O'Nesti, supra, at ¶ 6, citing both Fort Frye Teachers Assn., OEA/NEA v.State Emp. Relations Bd. (1998), 81 Ohio St.3d 392, 395, andGrava, supra, at 382. "Issue preclusion, on the other hand, serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies. * * * Issue preclusion applies even if the causes of action differ." O'Nesti, at ¶ 7, citing Fort Frye, at 395.
 {¶ 14} Both res judicata and collateral estoppel are applicable to administrative hearings of a quasi-judicial nature. Johns 3301 ToledoCafé, Inc. v. Liquor Control Comm., Franklin App. No. 07AP-632,2008-Ohio-394; In re Lima Mem. Hosp. (1996), 111 Ohio App.3d 225, 229. Administrative proceedings are deemed quasi-judicial if notice, a hearing, and an opportunity to introduce evidence are afforded.Johns 3301 Toledo Café, Inc.; Superior's Brand v. Lindley (1980),62 Ohio St.2d 133, 136; State ex rel. Republic Steel Corp. v. Ohio CivilRights Comm. (1975), 44 Ohio St.2d 178, 184.
 {¶ 15} Relator contends that the magistrate erroneously concluded that a PERS staff determination proceeding is a quasi-judicial proceeding that has finality or preclusive effect. Relator is correct to the extent she asserts that a PERS staff determination is not quasi-judicial, and that there was no quasi-judicial proceeding as to her second application for PERS membership. However, relator misinterprets the magistrate's decision regarding this issue. In her decision, the magistrate did not find that the *Page 8 
"proceedings" before PERS staff constituted quasi-judicial proceedings. For purposes of analyzing the applicability of issue preclusion and res judicata here, the issue of whether the proceedings were quasi-judicial concerns the Kodish appeal, not the subsequent determination as to relator's second application for PERS membership. Consequently, the magistrate analyzed the Kodish appeal proceedings to determine whether they were quasi-judicial.
 {¶ 16} We find that the magistrate properly assessed the characteristics of the hearing that was held by the PERS hearing examiner concerning the Kodish appeal and correctly determined that the proceedings were quasi-judicial in nature. As noted in the magistrate's decision, notice was issued in advance of the October 2004 hearing, the hearing was adversarial, and each side was permitted to call and cross-examine witnesses under oath, introduce evidence, and make objections. Thus, the proceedings in the Kodish appeal were quasi-judicial. See Johns 3301 Toledo Café, Inc., supra.
 {¶ 17} Relator additionally argues that the magistrate erred in finding that she was a party to the Kodish case and was in privity with Kodish. The magistrate determined that relator was initially a "party" to the original action because she filed her first application at the same time as Kodish, submitted evidence on her own behalf, and participated in the matter. Contrary to relator's suggestion, the magistrate did not determine that relator was a party in the Kodish appeal. The magistrate recognized that relator did not pursue an appeal from the senior staff determination concerning her first application. Even so, the magistrate did determine that, in view of the circumstances, relator was in privity with Kodish. According to relator, she and Kodish are not in privity, as she has her own claim and seeks PERS benefits specific to her. *Page 9 
 {¶ 18} Relator argues that the magistrate's conclusion regarding privity is contrary to the Supreme Court of Ohio's decision inO'Nesti, wherein the court held that "[p]laintiffs who are employees of the same employer and who have each signed an employment-related contract with the employer are not in privity for the purpose of claim preclusion if each employee is entitled to different benefits under the contract." Id. at syllabus. In reaching this holding, the court noted that the "relationship between co-employees subject to the same employment-related contract, without more, does not establish privity." Id. at ¶ 12.
 {¶ 19} "What constitutes privity in the context of res judicata is somewhat amorphous." Brown v. Dayton (2000), 89 Ohio St.3d 245, 248. "An interest in the result of and active participation in the original lawsuit may * * * establish privity. * * * Individuals who raise identical legal claims and seek identical rather than individually tailored results may be in privity." O'Nesti, at ¶ 9, citing bothWhitehead v. Gen. Tel. Co. (1969), 20 Ohio St.2d 108, andBrown. Neither a contractual nor a beneficiary relationship is necessary for an Ohio court to apply the concept of privity for purposes of res judicata. Brown, supra, at 248. Furthermore, a "mutuality of interest, including an identity of desired result," might support a finding of privity. Id. Mutuality exists only if "`the person taking advantage of the judgment would have been bound by it had the result been the opposite. Conversely, a stranger to the prior judgment, being not bound thereby, is not entitled to rely upon its effect under the claim of res judicata or collateral estoppel.'" Id., quoting Johnson's Island, Inc.v. Danbury Twp. Bd. of Trustees (1982), 69 Ohio St.2d 241, at 244. Additionally, we note that the Supreme Court of Ohio has stated that collateral estoppel "applies * * * to those in privity with the litigants and to those who could have entered the *Page 10 
proceeding but did not avail themselves of the opportunity." Howell v.Richardson (1989), 45 Ohio St.3d 365, 367.
 {¶ 20} Hence, "[a]s a general matter, privity `is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata.'" Thompson v. Wing (1994), 70 Ohio St.3d 176, 184, quotingBruszewski v. United States (C.A.3, 1950), 181 F.2d 419, 423 (Goodrich, J., concurring). See Kirkhart v. Keiper, 101 Ohio St.3d 377,2004-Ohio-1496, citing Brown (noting the court's application of a broad definition of privity to determine whether the relationship between the parties is close enough to invoke the doctrine of res judicata).
 {¶ 21} In the Kodish matter, relator filed her application for PERS service credit at the same time as Kodish. Relator participated by signing and submitting necessary paperwork for the processing of the application. After PERS staff determined that Kodish and the other employees were entitled to PERS membership, Summit County appealed this determination. Thereafter, PERS senior staff determined that Kodish and the other employees were not public employees entitled to PERS coverage. Although Kodish appealed the senior staff determination, relator decided not to appeal the determination.
 {¶ 22} Relator testified at the October 2004 hearing in the Kodish appeal, and she indicated her belief that she would benefit from a determination that Kodish was entitled to PERS membership and service credit. When asked whether she was seeking service credit with PERS, she responded, "I think the point of being here today is to get credit with PERS." (Tr. 47.)
 {¶ 23} Relator's testimony at the hearing created some uncertainty as to who in fact had appealed from the senior staff determination. Kodish's counsel clarified for the *Page 11 
hearing examiner that he only represented Kodish, even though the senior staff determination concerned Kodish as well as other employees, including relator. In addition, Kodish's counsel stated his belief that he did not think it would have been possible for him to also represent relator because she "has a unique estoppel argument * * * against Mr. Kodish based upon alleged statements he's made[.]" (Tr. 61.)
 {¶ 24} Relator asserts that Kodish's counsel's statements rebutted the magistrate's conclusion regarding privity because the magistrate determined that relator could have hired her own counsel or could have sought representation by Kodish's counsel. Indeed, whether relator could have retained Kodish's counsel as her own counsel seems unlikely, considering Kodish's counsel's statement at the hearing. Nonetheless, the fact remains that relator did not appeal the senior staff determination on her own or retain counsel to appeal the determination on her behalf, despite her awareness of that option. Instead, she apparently relied upon Kodish to advance the claim that the employer was a public employer.
 {¶ 25} According to relator, there was no privity because she had no control over the Kodish case, did not actively participate in the suit, and seeks individually tailored relief. Although relator did not control how the Kodish appeal was argued, her interest was adequately represented insofar as Kodish advocated for a finding that his employment at the Summit County Legal Defender Office should have been considered employment with a public employer. The relief sought by Kodish was a determination that the Summit County Legal Defender Office was a public employer between 1973 and 1999. Although Kodish began his employment with the employer in 1973, and relator commenced her employment with the employer a few years later, that distinction does not *Page 12 
negate their mutuality of interest. By their jointly submitted request for PERS participation, both relator and Kodish sought a determination that their shared employer was a public employer during their employment. Relator was closely involved as an applicant with Kodish at the PERS staff level, and she undeniably remained considerably interested in the resolution of the Kodish case in the Kodish appeal, as demonstrated by her testimony at the hearing. However, relator did not have any control over how the matter proceeded in the Kodish appeal because she chose not to appeal the senior staff determination with Kodish.
 {¶ 26} Considering all of the facts of this case, and the applicable case law on the subject, we find that relator's connection with Kodish was sufficiently close so as to justify the conclusion that relator was in privity with Kodish for purposes of applying issue preclusion and res judicata.
 {¶ 27} For the foregoing reasons, we agree with the magistrate's conclusion that issue preclusion and res judicata apply. Accordingly, relator's first, second, and fourth objections to the magistrate's decision are overruled.
 {¶ 28} By her fifth objection, relator argues that it was error for the magistrate not to find that the evidence in the record establishes that relator is a public employee or worked for a public employer. According to relator, even if she was in privity with Kodish, the magistrate was required to review the evidence to determine whether she was a public employee or worked for a public employer. This argument is unpersuasive. In this mandamus action, relator has not sought review of the board's decision on the merits in the Kodish appeal. Instead, relator challenges the denial of her May 2006 application for PERS membership for her employment with the Summit County Legal Defender Office. *Page 13 
The Kodish appeal is pertinent in this mandamus action insofar as the issue here is whether the decision on the merits in the Kodish appeal has preclusive effect as to relator's second application for PERS membership. Furthermore, if relator was not in privity with Kodish, a decision by this court on the merits of relator's claim for PERS membership would not be appropriate, as the matter would first need to be argued before the board. See Davis, supra, at ¶ 42. Thus, relator's fifth objection is overruled.
 {¶ 29} Relator argues by her sixth and seventh objections that "[t]o the extent that O.A.C. 145-1-11 permits an appeal to be dismissed by anyone other than OPERS Board, the rule is in conflict with R.C. 145.01(A)(4) and is void," and that "General Counsel lacked authority to render any decision in either the Kodish case or this case." (Relator's objections, at 1.) Relator essentially argues by these objections that general counsel for PERS lacked the authority to deny relator's second application for PERS membership and to make the determination that an appeal to the board was not available.
 {¶ 30} The general administration and management of PERS is vested in the board. R.C. 145.04. Pursuant to Ohio Adm. Code 145-1-09, the staff of the board is authorized to make membership determinations. In cases of doubt, the board makes the final determination as to whether a person is a public employee. See R.C. 145.01(A); see, also, Ohio Adm. Code 145-1-11(D) ("The retirement board's decision on any determination conducted pursuant to this rule shall be final and determinative."). Here, general counsel for PERS indicated to relator that it was the decision of PERS that relator's second application for PERS membership was being rejected because the board had already made a final decision that the employer was not a public employer. *Page 14 
 {¶ 31} In view of R.C. 145.01(A) and Ohio Adm. Code 145-1-11(D), the board's decision in the Kodish appeal was a final determination. Moreover, the application of issue preclusion and res judicata precludes relator from seeking a new determination. Thus, we find as unpersuasive relator's argument that general counsel lacked authority to render a decision regarding PERS membership or that relator was entitled to a hearing regarding her second application for PERS membership. Accordingly, we overrule relator's sixth and seventh objections.
 {¶ 32} Relator argues by her third and eighth objections that the magistrate erred in finding that mandamus is not appropriate because relator had not exhausted her administrative remedies, and that the magistrate should have found that relator satisfied the exhaustion requirement. In her decision, the magistrate noted that relator argued that she was not a party to the Kodish appeal. The magistrate reasoned that, if that contention is accepted, then mandamus is not appropriate because relator had an adequate remedy at law by way of an appeal from the staff determination denying her first application. Conversely, if relator was a party to the Kodish appeal, and issue preclusion and res judicata apply, then it was not an abuse of discretion for the board to apply the decision it previously rendered in the Kodish appeal. The magistrate's reasoning seems to assume that relator would not have been permitted to file a second application for a PERS membership determination, even if issue preclusion and res judicata did not apply. But, if issue preclusion and res judicata did not apply, it is at least arguable that relator pursued a legal administrative remedy by filing a new application for PERS membership. Nonetheless, further analysis and resolution of this issue is unnecessary as we have *Page 15 
concurred with the magistrate's determination that issue preclusion and res judicata apply. Accordingly, relator's third and eighth objections are overruled as moot.
 {¶ 33} For the foregoing reasons, we agree with the magistrate's conclusions of law insofar as she resolved that the board did not abuse its discretion when it denied relator's second application for PERS service credit based upon its decision in the Kodish appeal. However, we find it unnecessary to make a determination as to whether relator failed to exhaust her legal administrative remedies, as we have determined that issue preclusion and res judicata apply. Relator's objections to the magistrate's decision are overruled. Therefore, we adopt the magistrate's decision as our own, including the magistrate's findings of fact and conclusions of law, as amplified herein, with the exception of the magistrate's discussion regarding whether relator exhausted her administrative remedies. In accordance with the magistrate's decision, we deny relator's request for a writ of mandamus.
Objections overruled; writ denied.
 McGRATH, P.J. and KLATT, J. concur. *Page 16 
 APPENDIX A MAGISTRATE`S DECISION Rendered on March 28, 2008
IN MANDAMUS
 {¶ 34} Relator, Patti Schachter, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Ohio Public Employees Retirement *Page 17 
Board ("board") to consider her August 2005 application for service credit on the merits and to find that relator is a public employee as defined in R.C. Chapter 145 and entitled to participate in the Ohio Public Employees Retirement System ("PERS").
Findings of Fact:
 {¶ 35} 1. In March 1999, relator's supervisor, Joseph Kodish, submitted a request for determination as to whether he and several of his coworkers were public employees eligible for PERS membership and service credit for their employment with the Legal Defender Office in Summit County, Ohio. The request specifically identified relator as one of the individuals seeking a determination from PERS as to their eligibility for service credit.
 {¶ 36} 2. Relator signed the necessary documents including a supplemental history record dated March 2, 1999. That form specifically provides: "In accordance with Chapter 145, Ohio Revised Code, I hereby apply for additional credit as certified on the reverse side of this form, for service with Legal Defenders office." Relator completed the form providing for her years of service. From July 6, 1976 to January 1, 1978, she served as a legal intern. Relator began employment as a staff attorney on January 1, 1979. Kodish certified her records as being accurate.
 {¶ 37} 3. On April 30, 1999, William Damsel, Benefits Administration Assistant, addressed a letter to the Summit County auditor. Damsel enclosed copies of letters and other documentation submitted to PERS regarding the employees. Damsel requested a review of the matter as to whether the named individuals were public employees and whether contributions to PERS were required for the periods specified in the supplemental history records. Relator was specifically identified in this letter. *Page 18 
 {¶ 38} 4. On May 17, 2000, Ron Cline, Supervisor — Back Payments, directed separate letters to Kodish, the Summit County auditor, and to relator regarding the initial determination that the named employees were entitled to participate in PERS. The letter to relator specifically provided:
 This is in response to the certification we received for your unreported public service.
 We must have the enclosed Personal History Record (Form A) completed before we can advise you of the service credit available. The Personal History Record is required of all public employees as identification of their account in PERS. Please follow the instructions in this letter as an incomplete Personal History Record will not be accepted and will delay the processing of your request.
 Please fill in all requested information in Sections I and II. Read Section III, Beneficiary Designation. Have Section IV, Employee Affidavit, notarized and send this form to the address listed below for completion of Section V, Payroll Officer's Certification.
 After we receive the completed, certified Form A, the service will be reviewed and you will be notified of the credit available. Should you have any questions concerning the above, please contact our office.
 {¶ 39} 5. Relator signed and submited a supplemental history record February 7, 2001.
 {¶ 40} 6. Summit County appealed the initial determination and requested a staff determination reversing the May 17, 2000 determination and finding that the named employees were not public employees entitled to PERS contributions. Relator was specifically identified by name in that document.
 {¶ 41} 7. On December 16, 2003, PERS's general counsel, Julie E. Becker, issued a staff determination finding that Kodish and the other employees were not public *Page 19 
employees and were not subject to PERS coverage. It was further noted that this determination was subject to appeal pursuant to Ohio Adm. Code 145-1-11.
 {¶ 42} 8. Kodish appealed the December 16, 2003 staff determination.
 {¶ 43} 9. A full evidentiary hearing was held on October 14, 2004. Relator had notice of the appeal and testified. Relator acknowledged that she was requesting service credit with PERS. Specifically, the following exchanges took place between counsel and relator:
 Q. Did you seek service credit with PERS?
 A. I think the point of being here today is to get credit with PERS.
 * * *
 Q. And I understand you also have claims — a claim for PERS contributions; is that correct?
 A. That's correct.
 * * *
 HEARING EXAMINER McNEIL: When you responded to the question whether you have tried to make a claim for PERS membership or PERS eligibility, I think your answer was, yes, I am, correct?
 THE WITNESS: Correct.
 HEARING EXAMINER McNEIL: So you've actually filed a claim?
 THE WITNESS: I was under the belief that the action that Mr. Kodish is filing included myself, Ms. Marks, Ron Froble and two other people.
(Tr. 47, 51, 58.) *Page 20 
 {¶ 44} 10. On February 15, 2005, the hearing examiner issued his report and recommendation recommending that the board deny Kodish's application for membership in PERS. The hearing examiner made the following relevant findings of fact:
 1. Joseph S. Kodish, Esq., the claimant and petitioner in this administrative action, was hired on June 14, 1973, by the Akron Bar Association, as the Director of the Legal Defender Office, located in Summit County, Ohio. He seeks credit as a public employee for service as the Director of that office, from 1973 to 1999.
 2. On July 10, 1973, the Summit County Commissioners approved a contract under which the Akron Bar Association agreed to provide public defender services to Summit County. Between 1973 and 1999, the Akron Bar Association maintained an uninterrupted series of contractual relationships with Summit County under which the Association provided public defender legal services to the county or to the Summit County Public Defender Commission.
 3. Between 1973 and 1999, Mr. Kodish was employed by the Akron Bar Association, first as the Director of the Legal Defender Office in Summit County, Ohio, and later as the Summit County Public Defender. Throughout his term of service, Mr. Kodish was an employee of the Akron Bar Association.
 4. The Akron Bar Association is and at all times pertinent to this administrative action was a nonprofit organization, and is not and has not been a public employer, as that term is used in R.C. Chapter 145.
 5. Throughout his service as the Director of the Legal Defender Office and during his term as the Summit County Public Defender, Mr. Kodish was an employee of a private employer, and was not a public employee, as that term is used in R.C. Chapter 145.
 {¶ 45} 11. The hearing examiner compared the factual situation presented with the factual situation described in State ex rel. Malloryv. Pub. Emp. Retirement Bd., *Page 21 82 Ohio St.3d 235, 1998-Ohio-380, and determined that the situation in Summit County was different from the situation that existed in Franklin County and warranted a different result.
 {¶ 46} 12. On March 1, 2005, Kodish filed objections to the report and recommendation.
 {¶ 47} 13. The board considered the matter and voted to adopt the report and recommendation of the hearing examiner finding that Kodish was not a public employee while employed as the director of the Summit County Legal Defender Office and Summit County Public Defender for the time period 1973 through 1999 and that he was not eligible for PERS coverage.
 {¶ 48} 14. No further action was taken by Kodish or any of the other applicants.
 {¶ 49} 15. On May 14, 2006, relator, through counsel, filed a second application for PERS membership for her employment with the Summit County Legal Defender Office.
 {¶ 50} 16. By letter dated June 13, 2006, relator was informed that her claim for PERS credit was being denied since the board had previously determined that employees of the Summit County Legal Defender Office were not public employees.
 {¶ 51} 17. By letter dated June 15, 2006, relator filed an appeal from the June 13, 2006 staff determination and requested a hearing in front of an independent hearing examiner.
 {¶ 52} 18. By letter dated July 13, 2006, relator was notified that the board had already determined that the Summit County Legal Defender Office was not a public employer and that she was not entitled to membership in PERS.
 {¶ 53} 19. By letter dated July 19, 2006, relator objected to the determination. *Page 22 
 {¶ 54} 20. By letter dated July 28, 2006, relator was notified that there was no appeal mandated by statute and that the board's decision that the employer was not a public employer was final.
 {¶ 55} 21. On August 25, 2006, relator filed a mandamus action in this court requesting that this court order the board to vacate the determination, remand the case and compel the board to make findings of fact and conclusions of law on the merits, provide relator with a hearing, and determine relator's case upon the evidence presented in the record.
 {¶ 56} 22. On January 9, 2007, relator voluntarily dismissed her mandamus action in this court.
 {¶ 57} 23. On May 30, 2007, relator filed a second mandamus action in this court. On motion of the board, Summit County was joined as a party to the action. The stipulated evidence from the first mandamus action was transferred to the present case and the matter is currently before the magistrate.
Conclusions of Law: {¶ 58} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 59} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus. *Page 23 
 {¶ 60} In this mandamus action, relator argues that she had a right to a hearing regarding her August 2005 application requesting membership and service credit in PERS. Relator asks this court to ignore the fact that she made her first application for PERS membership in March 1999 and disavows any connection with her first application. However, the magistrate finds otherwise.
 {¶ 61} Relator completed and signed documents relating to the March 1999 application. Relator received notices and participated in the hearings. In December 2003, general counsel rejected the original staff determination and concluded that the applicants were not public employees. The notice specifically indicated that the applicants could appeal that decision.
 {¶ 62} The record is clear that Kodish filed an appeal. Relator contends that she was not a party to that appeal. If relator's argument is accepted, then mandamus is clearly not appropriate because relator had an adequate remedy at law by way of an appeal from the staff determination denying her first application. Because relator failed to avail herself of the legal remedies available to her, mandamus relief is not appropriate. If, on the other hand, and contrary to relator's arguments, relator was a party to what is known as the "Kodish Appeal," and if this court agrees with the magistrate's further conclusion that issue preclusion and res judicata apply, then the board did not abuse its discretion when it applied the decision it previously rendered in the "Kodish Appeal" to relator's second application for membership in PERS and this court should deny relator's request for a writ of mandamus. *Page 24 
 {¶ 63} In her mandamus action, relator contends that the board abused its discretion by applying the decision in the "Kodish Appeal" to her second application. As such, the matter turns on whether or not issue preclusion and res judicata apply.
 {¶ 64} This court has recently addressed this very issue in State exrel. Davis v. Pub. Emp. Retirement Bd., Franklin App. No. 04AP-1293,2007-Ohio-6594. In the Davis case, the relators ("applicants") were 12 present and former Franklin County Assistant Public Defenders and support personnel hired between January 1, 1985 and January 1, 1999. By letter dated September 3, 2003 from PERS's general counsel, the applicants were informed of the PERS staff decision. PERS applied the Supreme Court of Ohio's decision in State ex rel. Van Dyke v. Pub. Emp.Retirement Bd., 99 Ohio St.3d 430, 2003-Ohio-4123, to these applicants and found that coverage should be denied because they were not working for a public employer. The applicants administratively appealed the staff decision and a hearing was held before a hearing examiner on April 26, 2004. On June 28, 2004, the hearing examiner issued his report and recommendation and agreed that the Supreme Court of Ohio's pronouncement in Van Dyke applied to these applicants and concluded that their claims for coverage should be denied. The applicants filed objections, a hearing was conducted and, by letter dated August 25, 2004, the applicants were informed that the board accepted the findings of fact and conclusions of law contained in the report and recommendation of the hearing officer and that their claims for service credit were denied.
 {¶ 65} Those applicants filed a mandamus action in this court. The issue before this court was whether the board correctly determined that the doctrine of collateral estoppel or issue preclusion barred their claims. This court ultimately determined that the *Page 25 
applicants' action was not barred by the doctrine of collateral estoppel or issue preclusion and granted a limited writ of mandamus ordering the board to vacate its order denying their claims for PERS service credit and to issue a new order after adjudicating their claims on their merits.
 {¶ 66} The crux of this court's decision in Davis hinged on the fact that the 51 applicants bringing that action were not in privity with the employee who brought the action in Van Dyke. This court noted that, while it was uncontested that both the applicants and Van Dyke were employees of the Franklin County Public Defender's ("FCPD") office after its incorporation and sought PERS service credit for such employment, that was the extent of the commonalities between the applicants and Van Dyke. The applicants had not taken part in the Van Dyke proceedings and raised different issues. As such, this court found that collateral estoppel and res judicata did not apply.
 {¶ 67} The present case is markedly different from the Davis case. Again, in Davis, the 51 applicants did not file applications for PERS service credit at the same time Van Dyke did and they took no part in her appeals. In the present case, relator filed an application for PERS service credit at the same time Kodish filed his application. Originally, relator and the others were granted service credit; however, by staff determination, those applications were denied. Because relator applied for credit at the same time Kodish did and participated in the matter, at least up to a certain point, this court's decision inDavis does not apply to relator. *Page 26 
 {¶ 68} The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel.Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379.
 {¶ 69} In O'Nesti v. DeBartolo Realty Corp., 113 Ohio St.3d 59,2007-Ohio-1102, at ¶ 6-9, the Supreme Court of Ohio explained:
 * * * Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a tansaction that was the subject matter of a previous action. Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd. (1998), 81 Ohio St.3d 392, 395[.] * * * Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter. Grava, 73 Ohio St.3d at 382[.] * * *
 Issue preclusion, on the other hand, serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies. Fort Frye, 81 Ohio St.3d at 395[.] * * * Issue preclusion applies even if the causes of action differ. Id.
 For claim preclusion to apply, the parties to the subsequent suit must either be the same or in privity with the parties to the original suit. Johnson's Island, 69 Ohio St.2d at 244[.] * * * An interest in the result of and active participation in the original lawsuit may also establish privity. * * * Individuals who raise identical legal claims and seek identical rather than individually tailored results may be in privity. Brown v. Dayton (2000), 89 Ohio St.3d 245, 248[.] * * *
 {¶ 70} Despite relator's contention to the contrary, she was initially a "party" to the original action. She filed her first application at the same time Kodish and the other employees filed their applications; she submitted evidence on her own behalf; and, she participated in the matter. The fact that she did not pursue an appeal does not remove her first application and negate her connection with Kodish. *Page 27 
 {¶ 71} Relator also argues that the board's proceedings are not judicial in nature and that the principles of res judicata do not apply. Relator argues that Ohio Adm. Code 145-1-11 does not guarantee the party the right to make objections and have evidence excluded or admitted, the right to present witnesses and documents is not mandatory, the board lacks subpoena power, and there is no right to appeal the decision of the board. The magistrate disagrees with relator's characterization of the board's proceedings.
 {¶ 72} The principles of res judicata apply to administrative proceedings that are judicial in nature. Grava at 381. The Supreme Court of Ohio explained in the syllabus of Superior's Brand v. Lindley (1980),62 Ohio St.2d 133:
 Ordinarily, where an administrative proceeding is of a judicial nature and where the parties have had an ample opportunity to litigate the issues involved in the proceeding, the doctrine of collateral estoppel may be used to bar litigation of issues in a second administrative proceeding.
 {¶ 73} As indicated in the record, notice was issued in advance of the hearing. The parties were required to exchange exhibits and witness lists before the hearing. The hearing itself was conducted in an adversarial fashion and each side was permitted to call and cross-examine witnesses under oath and to introduce evidence and make objections. Because the hearing conducted by PERS was clearly quasi-judicial in nature, the doctrine of res judicata applies.
 {¶ 74} It bears repeating that relator filed her first application in 1999 at the same time Kodish filed his. Relator signed the necessary documents with her application. After the staff determination finding that they were not public employees, relator failed to file an appeal; however, Kodish did and relator was present and testified at that hearing. Relator *Page 28 
could have hired her own counsel or could have sought representation by the same counsel retained by Kodish. For whatever reason, relator chose not to.
 {¶ 75} Because the magistrate finds that relator is not only in privity with Kodish, but voluntarily participated in the proceedings and that the proceedings were quasi-judicial in nature, the magistrate finds that issue preclusion and res judicata do apply. As a result, the board did not abuse its discretion when it denied relator's second application for PERS service credit based upon its decision in the "Kodish Appeal." Further, as stated previously, relator could have chosen to avail herself of various administrative remedies yet she chose not to do so. Relator did not exhaust her legal administrative remedies. Relator cannot file multiple applications for PERS service credit in the hopes of ultimately getting the result she wants.
 {¶ 76} Based on the foregoing, it is this magistrate's conclusion that this court should deny relator's request for a writ of mandamus. *Page 1